## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

IN RE: DePUY ORTHOPAEDICS, INC
ASR HIP IMPLANT PRODUCTS

MDL Docket No. 1:10 md 2197

This Document Relates To:

**CASE MANAGEMENT ORDER NO. 1**

ALL CASES.

1.  Prior to the initial pretrial conference and an entry of a comprehensive Case Management Order governing all further pretrial proceedings in this case, the provisions of this Order shall govern the practice and procedure of those actions that are transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its Order of December 3, 2010 (Doc. No. 1).  This Order shall also apply to any "tag-along actions" later filed in, removed to, or transferred to this Court.

2.  Civil actions listed on the attached Order are consolidated for pretrial purposes.  This consolidation, however, does not constitute a determination that the action should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which that party has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

3.  Counsel are expected to familiarize themselves with the Manual for Complex Litigation Fourth (2010) ("MCL 4th").

4.  Pending the initial pretrial conference, all outstanding discovery proceedings in these MDL cases are stayed, and no further discovery shall be initiated until further order of the Court.

5.  Each party shall take reasonable steps to preserve documents and other records, including electronic documents, containing information potentially relevant to the subject matter of this litigation.

6.   The Clerk of Court will maintain a master docket case file under the designation *In re DePuy Orthopaedics, Inc., ASR Hip Implant Products Liability Litigation*, with the identification "MDL 2197."   When a pleading is intended to be applicable to all actions, this shall be indicated by the words: "This Document Relates to All Cases."   When a pleading is intended to apply to a specific case it shall be filed in that specific case and not on the master docket.

7.   The Court has issued a Notice to all Attorneys (Doc. No. 5)  regarding electronic filing in MDL 2197.  All filings should comply with the Northern District of Ohio Electronic Filing Policies and Procedures Manual and service through Electronic Case Filing ("ECF") shall be deemed sufficient with no additional service required, with the exception of new Complaints filed and Subpoenas issued, which shall be done in accordance with the Federal Rules of Civil Procedure.

8.   When an action that properly belongs as a part of the *In re DePuy Orthopaedics, Inc. ASR Hip Implant Products Liability Litigation* is hereinafter filed in the Northern District of Ohio, Eastern Division, or is transferred from another court, the Clerk of Court shall make an appropriate entry on the master docket sheet.

9.   Once designated, lead counsel for Plaintiffs and Defendants shall notify attorneys in newly filed or transferred cases about or provide a copy of this Case Management Order.

10.   Counsel who appeared in a transferor court prior to the transfer need not enter an additional appearance before this Court.  Moreover, attorneys admitted to practice and in good standing of any United States District Court are admitted to practice in this litigation pursuant to Rule 1.4 of the Rules of Procedures of the Judicial Panel on Multidistrict Litigation.  The requirements of Local Rules 83.5 (except for 85.5(j)) are waived.  Counsel are expected to familiarize themselves with prior court orders and proceedings as well as the Local Rules of the Northern District of Ohio, located at the Court's website, www.ohnd.uscourts.gov.

11.  Unless otherwise ordered by the Court, initial disclosures, discovery depositions, interrogatories, requests for documents, requests for admission, and answers and responses thereto shall <u>not</u> be filed with the Court, except that discovery materials may be filed as evidence in support of a motion or for use at trial.

12.  Once designated and unless otherwise ordered by this Court, all substantive communications with the Court shall be in writing, with copies to liaison counsel. Liaison counsel shall be responsible for disseminating information to Lead Counsel and other counsel as appropriate.  The communication of information among and between Plaintiffs' counsel and between Defendants' counsel shall not be deemed to be a waiver of the attorney-client privilege or the protection afforded by the attorney work product privilege, and cooperative efforts among the parties shall not be used in any manner to contend that there has been a waiver of the attorney-client or attorney work product privilege.

IT IS SO ORDERED.

_S/ David A. Katz_____
DAVID A. KATZ
U. S. DISTRICT JUDGE