**EXHIBIT A**

**Definitions**

The following definitions apply to this Notice of Deposition and are deemed to be incorporated into each subject listed below:

1. "Computer" means all devices utilizing microchips to facilitate processing, analysis, or storage of data, including microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as digital assistants on PDA's), minicomputers and mainframe computers.

2. "Computer systems," when used in reference to any computer, includes the following information: (a) the computer type, brand, and model, and (b) the brand and version of all software, including operating system, private- and custom-developed applications, commercial applications, and/or shareware.

3. "Documents" as used in this Request is coextensive with the meaning of the terms "documents" and "tangible things" in FRCP 34, and shall have the broadest possible meaning and interpretation ascribed to the terms "documents" and "tangible things" under FRCP 34.  Consistent with the above definition, the term document shall include, without limitation, any written, printed, typed, photostatic, photographed, recorded, computer-generated, computer-stored, or otherwise maintained or reproduced communication or representation, any data compilation in any form, whether comprised of letters, words, numbers, pictures, sounds, bytes, e-mails, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof including, without limitation, all memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates,

working papers, accounts, analytical records, reports and/or summaries of investigation, opinions or reports of consultants, opinions or reports of experts, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings or communications of any type, including inter and intra-office communications, questionnaires, surveys, charts, graphs, photographs, phonographs, films, tapes, discs, data cells, drums, printouts, all other compiled data which can be obtained (translated, if necessary, through intermediary or other devices into usable forms), documents maintained on, stored in or generated on any electronic transfer or storage systems, any preliminary versions, drafts or revisions of any of the foregoing, and other writings or documents of whatever description or kind, whether produced or authorized by or on behalf of you or anyone else, and shall include all non-identical copies and drafts of any of the foregoing now in the possession, custody or control of you, or the former or present directors, officers, counsel, agents, employees, partners, consultants, principals, and/or persons acting on your behalf.

4. "Electronic data" or "data" means the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronic data includes, by way of example only, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail

5

receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PIF files, batch files, ASCH files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists in an active files, deleted file or file fragments. Electronic data includes any and all items stored on computer memories, hard drives, floppy disks, CD-ROMS, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including but not limited to EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and/or transmittal. The term electronic data also includes the file, folder tabs, and/or containers and labels appended to, or associates with, any physical storage device associated with each original and/or copy.

5. "Electronic media" means any magnetic or other storage media device used to record electronic data. Electronic media devices may include computer memories, hard disks, floppy disks, CD-ROM, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and/or transmittal.

6. "Identify" or "identity" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

7. "Network" means any hardware and/or software combination that connects two or more computers together and which allows the computers to share and/or transfer data between them. For purposes of this definition, the connection between or among the computer need not be either physical or direct, *i.e.*, wireless networks, and sharing and/or transferring data via indirect routes utilizing modems and phone company facilities. In addition, there need not be a central file or data server nor a central network operating system in place, *i.e.*, peer-to-peer networks and networks utilizing a mainframe host to facilitate data transfer.

8. "Person" means natural person, as well as corporate and/or government entity.

9. "Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "concerning," or "concern" shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including documents attached to or used in the preparation of or concerning the preparation of the documents.

10. "You" and "your" mean the defendant this is directed to and any of its directors, officers, sales representatives, agents (including attorneys, accountants, consultants, investment advisors or bankers), employees, representatives and any other person purporting to act on its behalf. In the case of business entities, these defined terms include division, affiliates, subsidiaries, predecessor entities, acquired entities, related entities, or any other entity acting or purporting to act on your behalf.

11. "Or" and "and" will be used interchangeably.

12. Unless otherwise indicated, the relevant time period for the information sought is January 1, 1998 to present.

13. "ESI" shall mean electronically stored information as described in FRCP 34.

14. "ASR-related ESI" shall mean ESI related to the development, regulation, approval, manufacture, marketing, promotion, sale, distribution, monitoring, post-marketing surveillance or recall of ASR devices worldwide.  This shall include ESI stored in systems used by DePuy in the following areas (without limitation):  (a) all Clinical trials including investigator initiated trials, including all designed or planned trials whether or not initiated or completed; (b) Adverse events/post-marketing surveillance; (c) Sales, including but not limited to detail call logs; (d) Sales tracking; (e) Marketing; (f) Regulatory (U.S. and foreign); (g) Scientific literature; (h) Professional Information Requests (PIRs); (i) Safety; (j) Compliance; (k) Speakers' Bureau; (l) Sales Consultant/Training materials; (m) Independent Sales Contractors; (n) Sales Employee and/or Contractor surgical attendance; (o) Dear Healthcare Provider letters and addressees; (p) Implant Recipient Registries; (q) Broadspire Patient Registries; and (r) Pre Clinical Studies.

## Deposition Topics

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants shall designate one or more officers, directors, managing agents, employees, or other sufficiently knowledgeable persons to testify concerning the following topics:

1. The identity and function of every information technology or management information systems department, division, or equivalent functional groups within your company or

provided to you through any outsource service provider, and the identity of the person(s) within it responsible for the retention of any ASR-related information, data or documents whether ESI or hard copies as well as all information regarding any and all retention policies. Identify the three most knowledgeable persons regarding this topic.

2. The identity, description, contents, implementation and general functions of all systems and associated protocols which exist or have ever existed to identify, store, catalog, assess, and review all documents and data which are retained in response to any litigation or document hold in any way related to the instant litigation, and which would not have otherwise been destroyed under standard retention protocols. Identify the three most knowledgeable persons regarding this topic.

3. All persons, individuals, organizations, departments, third party vendors and/or entities coordinating the e-discovery for ASR-related ESI as well as a general description of the party's electronic document retention policies for all documents collected and retained during the e-discovery process. Identify the three most knowledgeable persons regarding this topic.

4. All of your policies and practices (written or oral) concerning litigation or document holds of any kind, as well as the specific litigation or document hold ("hold") issued in response to the instant litigation, including but not limited to:

    (a) All details regarding the dissemination of the hold to anyone, including but not limited to employees, agents, or independent consultants or contractors;

    (b) The date the hold was issued;

    (c) To whom the hold was sent and in what format;

    (d) By whom the hold was issued;

9

    (e) Any follow-up practices or procedures employed to enforce the hold and make confirm compliance.

    (f) Identify the three most knowledgeable persons regarding this topic.

5. Any and all policies and practices concerning efforts made to comply with the Northern District of Ohio's local rules regarding e-discovery[1], including but not limited to the following:

    (a) The name of the individual designated by a party as being most knowledgeable regarding that party's electronic document retention policies ("the retention coordinator"), as well as a general description of the party's electronic document retention policies for all systems in use[2];

    (b) The name of the individual who shall serve as that party's "e-discovery coordinator"[3];

    (c) The steps taken to ensure that relevant e-mail of identified custodians shall not be permanently deleted in the ordinary course of business and that relevant electronically data maintained by the individual custodians shall not be altered[4]; and

    (d) Identify the three most knowledgeable persons regarding this topic.

6. Your policies and practices concerning the use of any software, *i.e.*, Norton Ghost, used in response to the implementation of the instant hold to capture a snapshot of key

---

[1] *See* United States District Court, Northern District of Ohio, *Default Standards for Discovery of Electronically Stored Information ("E-Discovery")*, LR-Appendix K, available at: http://www.ohnd.uscourts.gov/assets/Rules_and_Orders/Local_Civil_Rules/Local_Civil_Rules.htm.

[2] *See* LR-Appendix K, Section 2c.

[3] *See* LR-Appendix K, Section 2d.

[4] *See* LR-Appendix K, Section 7a.

custodians' data, including but not limited to, electronic data, electronic media, email, electronic peer-to-peer messaging and/or instant messaging, documents contained on your computers, including laptops, home computer systems, and local drives of networked computer systems.