UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |
|---|---|
| IN RE: DEPUY ORTHOPAEDICS, INC. ASR HIP IMPLANT PRODUCTS LIABILITY LITIGATION<br><br>--------------------------------------------<br>THIS DOCUMENT APPLIES TO: ALL CASES | ) MDL Docket No. 1:10-md-2197-DAK<br>)<br>) HONORABLE DAVID A. KATZ<br>)<br>)<br>)<br>)<br>)<br>) |

**NOTICE OF ORAL AND VIDEO DEPOSITION OF**
**DEPUY ORTHOPAEDICS, INC., PURSUANT TO FED. R. CIV. P. 30(b)(6)**
**(Corporate Organization)**

TO:   Robert C. Tucker, Esq.
TUCKER ELLIS & WEST LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, OH 44115

Susan M. Sharko, Esq.
DRINKER BIDDLE & REATH LLP
500 Campus Drive
Florham Park, NJ 07932-1047

*Attorneys for Defendant DePuy Orthopaedics, Inc.*

PLEASE TAKE NOTICE that pursuant to Rule 26 and Rule 30(b)(6) of the Federal Rules of

Civil Procedure, plaintiffs, by and through their undersigned attorneys, the Plaintiffs Steering

Committee in the above-captioned Multidistrict Litigation, will take the deposition of DePuy

Orthopaedics, Inc. (hereinafter "Defendant") on April 26, 2011, at 9:00 a.m., or such other time

as is agreed upon by the parties, at the offices of the Hyatt Place Indianapolis Airport, 5500 W.

Bradbury Avenue, Indianapolis, Indiana 46241, or at another location mutually agreed upon by

the parties.

1

The deposition shall be recorded by stenographic and audiovisual means and taken before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, excluding Sundays and court-recognized holidays, until the examination is completed.

## I. DEPOSITION TOPICS

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant shall designate one or more officers, directors, managing agents, employees, or other sufficiently knowledgeable persons to testify concerning the following topics:

1. The organizational and corporate history of Defendant.

2. The corporate structures and organizations of Defendant, and all of its domestic and foreign successors in interest, predecessors in interest, subsidiaries, parents, affiliates, and any of its or their divisions, subdivisions, parents, subsidiaries, affiliates, partners, directors, officers, employees, servants, agents, joint venturers, independent contractors, third-party contractors, attorneys, accountants, consultants, investment advisors, bankers or other representatives, whether present or former, and any other person acting or purporting to act on its or their behalf (collectively, "DePuy"), as they relate to the DePuy ASR XL Acetabular Hip System and any predecessor, successor or non-final derivation of this device, and the DePuy ASR Hip Resurfacing System and any predecessor, successor or non-final derivation of this device (collectively, the "ASR Hip Systems"), and more particularly:

    (a) The identity of each department, group, region and/or division of DePuy (including the name, job, title and job duty of each individual who performed any function within each) having a relationship with the ASR Hip Systems.

    (b) The organizational structure within departments, groups, regions and/or divisions;

    (c) The functions and duties of each department, group, region and/or division; and

    (d) The department, group, region and/or division responsible for issues relating to marketing affairs, public affairs, regulatory affairs and medical affairs generally, and, if different, specifically relating to marketing affairs, public affairs, regulatory affairs, medical affairs concerning the ASR Hip Systems.

3. The organizational (whether direct or indirect), operational and contractual relationships between Defendant and DePuy, Inc., Johnson & Johnson, and Johnson & Johnson Services, Inc. (or any of their respective shareholders, members, partners or equity owners).

4. The ownership, any transfers of ownership, mergers or other transactions affecting the organization of, or name changes of DePuy from the period of 1996 through the present.

5. All persons, organizations, departments and/or entities involved in the research, development, marketing, manufacture, production, sale and distribution of the ASR Hip Systems, including but not limited the internal organizational structure.

6. Identity, nature, location and storage of all organizational charts related to DePuy, including employee organization charts.

7. Identity, nature, location and storage of all organizational charts related to all persons, organizations, departments and/or entities involved in the research, development, marketing, manufacture, production, sale and distribution of the ASR Hip Systems.

8. Identity of all employees and agents of DePuy, including all department or division heads, and staff who have had responsibilities or duties relating to the research, development, marketing, manufacture, production, sale and distribution of the ASR Hip

Systems.

9. The structure of any working or functional group, including the identity of those individuals involved, responsible for announcing, overseeing, carrying out and/or effectuating the recall of the ASR Hip Systems.

10. The structure of any working or functional group, including the identity of those individuals involved, responsible for interacting with third parties (e.g., Broadspire) relating to the recall of the ASR Hip Systems.

11. The structure of any working or functional group, including the identity of those individuals involved, responsible for interacting with any in-house or third party sales force related to the ASR Hip Systems, including any changes over time.

12. The contractual relationship(s) with all third parties in connection with the sale or distribution of the ASR Hip Systems, including changes over time.

13. The location and manner of storage for the ASR Hip Systems that have been removed from a patient and delivered to DePuy or any of its affiliates or agents.

14. The structure of any working or functional group, including the identity of those individuals involved, responsible for storage of the ASR Hip Systems that have been removed from a patient and delivered to DePuy or any of its affiliates or agents.

## II. DOCUMENTS TO BE PRODUCED

The deponent is requested to produce the following documents related to DePuy and the ASR Hip Systems:

1. Corporate organizational charts;
2. Annual Reports;
3. SEC filings consisting of 10K's and 10Q's;

4. License agreements as they relate to ASR Hip Systems;

5. Trademark documents as they relate to ASR Hip Systems;

6. Royalty agreements as they relate to ASR Hip Systems;

7. All agreements with third parties related to the sale or distribution of ASR Hip Systems.

8. All documents which you reviewed, referred to, considered or relied upon in responding to the deposition topics described herein.

Dated: March 25, 2011

Respectfully submitted,

ZOLL, KRANZ & BORGESS, LLC,

By: ⎯⎯/s/ Michelle L. Kranz⎯⎯⎯⎯⎯⎯
     Michelle L. Kranz (0062479)
     ZOLL, KRANZ & BORGESS, LLC
     6620 W. Central Ave., Ste. 100
     Toledo, OH 43617
     Tel: (419) 841-9623
     Email: michelle@toledolaw.com

*Plaintiffs' Liaison Counsel*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on March 25, 2011, a copy of the above and foregoing NOTICE OF ORAL AND VIDEO DEPOSITION OF DEPUY ORTHOPAEDICS, INC., PURSUANT TO FED. R. CIV. P. 30(b)(6) was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system. It has also been served by U.S. Mail and e-mail on the counsel listed below:

    Robert C. Tucker,  Esq.
    TUCKER ELLIS & WEST LLP
    1150 Huntington Building
    925 Euclid Avenue
    Cleveland, OH 44115

    Susan M. Sharko, Esq.
    DRINKER BIDDLE & REATH LLP
    500 Campus Drive
    Florham Park, NJ 07932-1047


Dated:  March 25, 2011

                                              /s/ Michelle L. Kranz  _____

                                           *Plaintiffs' Liaison Counsel*