## EXHIBIT A

### Definitions

The following definitions apply to this notice of deposition and are deemed to be incorporated into each subject listed below:

1. "Computer" means all devices utilizing microchips to facilitate processing, analysis, or storage of data, including microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDA's), minicomputers and mainframe computers.

2. "Computer systems," when used in reference to any computer, includes the following information: (a) the computer type, brand, and model, and (b) the brand and version of all software, including the operating system, private- and custom-developed applications, commercial applications, and/or shareware.

3. "Documents" as used in this request is coextensive with the meaning of the terms "documents," "electronically stored information" and "tangible things" as used in Federal Rule of Civil Procedure 34, and shall have the broadest possible meaning and interpretation ascribed to those terms under Rule 34 and the applicable Local Rules of the Northern District of Ohio. Consistent with the above definition, the term "document" shall include, without limitation, electronic data, electronic databases, electronic media and any written, printed, typed, photostatic, photographed, recorded, computer-generated, computer-stored, or otherwise maintained or reproduced communication or representation, any database or data compilation in any form, whether comprised of letters, words, numbers, pictures, sounds, bytes, e-mails, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof

including, without limitation, all memoranda, notes, records, letters, envelopes, emails, voicemails, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of experts, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, correspondence, or communications of any type, including but not limited to video files, audio files, inter- and intra-office communications, questionnaires, surveys, charts, graphs, photographs, phonographs, films, webcasts, powerpoints, tapes, discs, data cells, drums, printouts, all other compiled data which can be obtained (translated, if necessary, through intermediary or other devices into useable forms), documents maintained on, stored in or generated on any electronic transfer or storage system, any preliminary versions, drafts or revisions of any of the foregoing, and other writings or documents of whatever description or kind, whether produced or authorized by or on behalf of you or anyone else, and shall include all non-identical copies and drafts of any of the foregoing now in the possession, custody or control of you, or the former or present directors, officers, counsel, agents, employees, partners, consultants, principals, and/or persons acting on your behalf.

4. "Electronic data," "database" or "data" means the original (native electronic format), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical,

    facsimile, electronic, magnetic, digital, or other means. Such terms include, by way of example only, computer programs (whether private, commercial, or works-in-progress), programming notes or instructions, activity listings or electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PID files, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists of an active file, deleted file or file fragment. Such terms include any and all items stored on computer memories, hard drives, floppy disks, CD-ROMS, removable media such as zip drives, usb drives, storage cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including but not limited to EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and/or transmittal. Such terms also include the file, folder tabs, and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

5. "Electronic media" means any magnetic or other storage media device used to record electronic data. Electronic media devices may include computer memories, hard disks, floppy disks, CD-ROM, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and/or transmittal.

6. "Identify" or "identity" with respect to persons, means to give, to the extent known, the person's full name, present or last known address and telephone numbers, and when referring to a natural person, additionally, the present or last known place of employment.

7. "Network" means any hardware and/or software combination that connects two or more computers together and which allows the computers to share and/or transfer data between them. For purposes of this definition, the connection between or among the computers need not be either physical or direct, *i.e.*, wireless networks, and sharing and/or transferring data via indirect routes utilizing modems and phone company facilities. In addition, there need not be a central file or data server nor a central network operating system in place, *i.e.*, peer-to-peer networks and networks utilizing a mainframe host to facilitate data transfer.

8. "Person" means any natural person, as well as any corporate, legal and/or government entity or association.

9. "Relating to," "relate to," "relating," "referring to," "refer to," "reflecting," "reflect," "concerning," or "concern" shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including documents attached to or used in the preparation of or concerning the preparation of the documents.

10. "Rotation" means any plan, policy, or procedure that involves the re-use of an electronic media device after it has been used for backup, archival, or other electronic data storage

purposes, particularly if such re-use results in the alteration and/or destruction of the electronic data residing on the device prior to its re-use.

11. "You, "your," and "defendant" means the individual party to whom this notice is directed and all of its domestic and foreign successors in interest, predecessors in interest, subsidiaries, parents, affiliates, and any of its or their divisions, subdivisions, parents, subsidiaries, affiliates, partners, directors, officers, employees, servants, agents, joint venturers, independent contractors, third-party contractors, attorneys, accountants, consultants, investment advisors, bankers or other representatives, whether present or former, and any other person acting or purporting to act on its or their behalf.

12. The connectives "and" and "or" mean either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

13. Unless otherwise indicated, the relevant time period for the information sought is January 1, 1998 to present.

14. "ESI" shall mean electronically stored information as described in Federal Rule of Civil Procedure 34.

15. "ASR-related ESI" shall mean ESI related to the development, regulation, approval, manufacture, marketing, promotion, sale, distribution, monitoring, post-marketing surveillance or recall of ASR hip systems worldwide. This shall include ESI stored in systems used by defendant in the following areas (without limitation): (a) all Clinical trials including investigator initiated trials, including all designed or planned trials whether or not initiated or completed; (b) Adverse events/post-marketing surveillance; (c) Sales, including but not limited to detail call logs; (d) Sales tracking; (e) Marketing; (f)

Regulatory (U.S. and foreign); (g) Scientific literature; (h) Professional Information Requests (PIRs); (i) Safety; (j) Compliance; (k) Speakers' Bureau; (l) Sales Consultant/Training materials; (m) Independent Sales Contractors; (n) Sales Employee and/or Contractor surgical attendance; (o) Dear Healthcare Provider letters and addressees; (p) Implant Recipient Registries; (q) Broadspire Patient Registries; and (r) Pre Clinical Studies.

16. "ASR hip systems" is used to refer to, as broadly applicable as possible whether in the singular or plural, the DePuy ASR XL Acetabular Hip System and any predecessor, successor or non-final derivation of this device, and the DePuy ASR Hip Resurfacing System and any predecessor, successor or non-final derivation of this device.

17. "Native electronic format" shall mean and refer the state of an electronic file as it presently exists on any and all computers, electronic media devices and networks or any other location where data may be stored (including back-up servers, deleted folders, hidden folders, etc.), with all of the file's original metadata intact, meaning that the metadata fields have not been altered, deleted, updated or modified in any way.

18. The use of the singular includes the plural and vice versa.

### Deposition Subject Matter

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, defendant shall designate one or more officers, directors, managing agents, employees, or other sufficiently knowledgeable persons to testify concerning the following topics:

1. The identity and function of any information technology or management information systems department, division, or equivalent functional group within your company or provided to you through any outsource service provider, and the identity of the person(s)

within it responsible for ASR-related ESI. This includes (without limitation) consultants or third-party vendors for maintenance and service of computer systems, including hardware, software and/or networks.

2. Your policies and practices concerning the deletion, backup, and preservation of ASR-related ESI in the normal course of business, including:

    (a) Details about company's record management policy (what is the policy, when instituted, when electronic documents became part of policy, what ESI is subject to the policy, who is responsible for ongoing management of this policy);

    (b) The backup schedule employed by you;

    (c) The backup and preservation of data contained on network servers or other network storage devices, including model versions;

    (d) The backup and preservation of data contained on your computers, including laptops, home computer systems, and local drives of networked computer systems;

    (e) The backup and preservation of data contained on the hard drives of computer systems no longer in active service within your company;

    (f) The backup and preservation of data created or stored by or within your voicemail system;

    (g) Details about disaster recovery procedure (*e.g.*, software used to convert back-up tapes into usable form);

    (h) Details about facsimile machines used and the procedures to use fax machines (*e.g.*, fax logs, memory of fax machines);

    (i) The rotation of any electronic media used by you to back up electronic data;

 (j) The use of passwords by users, sharing of passwords, access to passwords by the system administrator(s);

 (k) Any standard reports prepared on a routine basis;

 (l) The deletion, re-indexing, purging, repair or archival of data from your computer systems, whether by scheduled, automated, or individualized processes, during the relevant period of time; and

 (m) The identity of all people with responsibility for, or the greatest knowledge of, your policies and practices regarding the foregoing items.

3. The identification, retention and preservation of ASR-related ESI for the purposes of litigation, including but not limited to information regarding the following:

 (a) The steps taken to identify and preserve ASR-related ESI;

 (b) The details of any notification or instruction given to any of your employees, agents, or independent consultants or contractors concerning preservation, including the dates of such notification or instruction;

 (c) Details regarding any deletion of ASR-related ESI since January 1, 1998;

4. The identity, description, contents, implementation and general function of all systems which exist or have ever existed for accessing, retrieving, storing and maintaining ASR-related ESI, including (without limitation) databases, network shares, e-rooms, and intranet sites. These should include (without limitation) systems in the following areas:

 (a) all Clinical trials including investigator initiated trials, including all designed or planned trials whether or not initiated or completed;

 (b) Adverse events/post-marketing surveillance;

 (c) Sales, including but not limited to detail call logs;

   (d) Sales tracking;

   (e) Marketing;

   (f) Regulatory (U.S. and foreign);

   (g) Scientific literature;

   (h) Professional Information Requests (PIRs);

   (i) Safety;

   (j) Compliance;

   (k) Speakers' Bureau;

   (l) Sales Consultant/Training materials;

   (m) Independent Sales Contractors;

   (n) Sales Employee and/or Contractor surgical attendance;

   (o) Dear Healthcare Provider letters and addressees;

   (p) Implant Recipient Registries;

   (q) Broadspire Patient Registries; and

   (r) Pre Clinical Studies.

5. The efficient extraction of ASR-related data from the systems described in Number 4 for the purposes of production in this litigation.

6. The identity, system parameters, description and function of all software programs or utilities used during the relevant period for email, electronic peer-to-peer messaging, and/or instant messaging.

7. The identity, system parameters, description and function of all software programs or utilities used for voicemail.

8. The existence, identification, and description of ASR-related ESI which may be used,

accessed, maintained or stored by any third parties, including agents, consultants, independent contractors or third party vendors, and all policies and procedures regarding the same.