IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: DePUY ORTHOPAEDICS, INC., ASRTM HIP IMPLANT PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1: 10-md-2 197 |
| This Document Relates To: _____ ALL PERSONAL INJURY CASES | AMENDED CASE MANAGEMENT ORDER NO. 4 -- Short Form Complaints |

## APPLICABILITY OF ORDER

This Order shall apply to all individual personal injury Complaints filed by Plaintiffs and their counsel for actions relating to DePuy ASR Hip Implant Products that are filed directly in MDL No. 2197, or are transferred to these proceedings and to all Answers filed for personal injury Complaints that are filed directly in MDL No. 2197, or are transferred to these proceedings.

## SERVICE

Notwithstanding the provisions of this Order for procedures for complaints and answers, the defendants do not waive service and all defendants must be served in accordance with the Federal Rules of Civil Procedure, and the Hague Convention as applicable.

## FORM OF DIRECT FILED COMPLAINTS AND ANSWERS

In the interests of judicial economy, Plaintiffs filing cases directly into the 2197 MDL shall file short-form complaints which are in an abbreviated form and which briefly articulate the injury, the dates, the home state, the plaintiff's date of birth, the basic theories of liability, without the need for detailed pleadings, and the suggested jurisdiction for remand. Said short

Form Complaint is annexed hereto as **Exhibit A**. In turn, the Defendants shall file one Master Abbreviated or Short-Form Answer which shall set forth a General Denial and which shall be deemed to deny all allegations in all Complaints, and which shall further set forth all Separate Defenses. Said Short Form Answer is annexed hereto as **Exhibit B.**

Whether and when there will be a master long form complaint and answer will be the subject of further discussions among counsel and the Court. Plaintiffs and Defendants have further stipulated and agreed that at this time until further Order of the Court, they will not assert that any Short-Form Complaint or the Answer filed in the 2197 MDL (1) fails to state a recognizable cause of action, (2) fails to state a claim upon which relief may be granted, (3) fails to plead allegations with sufficient particularity, or any other defenses related to insufficiency of pleadings. The Parties have further stipulated and agreed that until further Order of the Court, they will not file motions pursuant to Rule 12(b)(6) against any filed Short-Form Complaints or Answers asserting a failure to plead allegations with specificity, or failing to meet the requirements of Fed. R. Civ. P. 8. Motion practice on the individual personal injury Complaints or Answers subject to this Order shall be stayed and may proceed only upon leave of Court.

Upon completion of the pretrial proceedings of MDL 2197, and remand of individual cases, this Court will provide in its remand order a provision requiring the parties to amend all pleadings to conform to the evidence as adduced by discovery. Plaintiffs have the express right to file and serve Amended Complaints more fully setting forth the facts specific to their case, the cause of actions and allegations against the Defendants, theories of liability and damages alleged. Defendants will be required to file within 30 days of service of the Amended Complaint a responsive pleading or Answer and assert any and all cognizable defenses based on the allegations and theories set forth in the Amended Complaint. Prior to a remand, more detailed pleadings will be required only in cases selected for advanced discovery for potential bellwether

consideration. For any such selected cases, the plaintiffs shall file an Amended Complaint within thirty days of selection for such advanced discovery by Order of this Court and Defendants have thirty days thereafter to file an Amended Answer.

DAVID A. KATZ
U.S. DISTRICT JUDGE

4/5/11