*EXHIBIT B*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In re: DEPUY ORTHOPAEDICS, INC., ASR™ HIP IMPLANT PRODUCTS LIABILITY LITIGATION<br><br>This Pleading Relates to:<br><br>ALL CASES | ) MDL Docket No. 1:10-md-02197<br>)<br>)<br>)<br>) Judge David A. Katz<br>)<br>) **DEFENDANTS' MASTER ANSWER**<br>)<br>)<br>)<br>)<br>) |

Defendants DePuy Orthopaedics, Inc., DePuy, Inc., DePuy International Limited, Johnson & Johnson International, Johnson & Johnson Services, Inc., and Johnson & Johnson (collectively "Defendants") respond to the allegations set forth in Plaintiffs' Complaint ("Complaint") as follows: Defendants deny each and every allegation, statement, and matter contained in Plaintiffs' Short Form Complaint, and assert the following separate defenses:

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiffs knowingly and voluntarily assumed any and all risks associated with the use of the products at issue in this case, and such assumption of the risks bars in whole or in part the damages Plaintiffs seek to recover herein.

### SECOND SEPARATE DEFENSE

At all times mentioned herein, Plaintiffs were negligent, careless and at fault, and conducted themselves so as to contribute substantially to their alleged injuries and damages.

Said negligence, carelessness, and fault of Plaintiffs bar in whole or in part the damages that Plaintiffs seek to recover herein.

### THIRD SEPARATE DEFENSE

Plaintiffs' alleged injuries and damages attributable to the use of the products at issue in this case, if any, were not legally caused by the products at issue, but instead were legally caused by intervening and superseding causes or circumstances.

### FOURTH SEPARATE DEFENSE

Plaintiffs' alleged damages, if any, are barred in whole or in part by Plaintiff's failure to mitigate such damages.

### FIFTH SEPARATE DEFENSE

Plaintiffs' causes of action are barred by the applicable statutes of limitation, statutes of repose, and doctrine of laches.

### SIXTH SEPARATE DEFENSE

At the time of sale or delivery, the products conformed to the state-of-the-art for such products at that time.

### SEVENTH SEPARATE DEFENSE

Plaintiffs' claims should be diminished in whole or in part in the amount paid to Plaintiffs by any party or non-party with whom Plaintiff have settled or may settle.

### EIGHTH SEPARATE DEFENSE

Plaintiffs damages, if any, are barred or limited by the payments received from collateral sources.

### NINTH SEPARATE DEFENSE

Plaintiffs' causes of action are barred by the learned intermediary doctrine.

## TENTH SEPARATE DEFENSE

Plaintiffs' claims are barred by the doctrines of informed consent, release, and waiver.

## ELEVENTH SEPARATE DEFENSE

Any claim for punitive or exemplary damages against Defendants is unconstitutional in that recovery of punitive or exemplary damages in this case would violate Defendants' constitutional rights to due process and equal protection under the Fourteenth Amendment to the Constitution of the United States and similar protections afforded by the New Jersey and Indiana state constitutions, and any other state whose law is deemed to apply in this case, and that any law of the states of New Jersey or Indiana, whether enacted by that state's legislature or founded upon a decision or decisions of the courts, or that of any other state whose law is deemed to apply in this case, that would permit recovery of punitive or exemplary damages, is unconstitutional under these provisions.

## TWELFTH SEPARATE DEFENSE

Any claim for punitive or exemplary damages against Defendants is unconstitutional in that the standards for granting and asserting punitive or exemplary damages do not prohibit other Plaintiff from seeking and recovering such damages against Defendants for the same allegations of defect in the same products, and as such constitute multiple punishments for the same alleged conduct resulting in deprivation of Defendants' property without due process of law and will result in unjustified windfalls for Plaintiff and Plaintiff's counsel, in violation of the Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States and similar protections afforded by the New Jersey and Indiana state constitutions, and that of any other state whose law is deemed to apply in this case.

FP01/ 6471278.1

## THIRTEENTH SEPARATE DEFENSE

Any claim for punitive damages against Defendants cannot be maintained because an award of punitive damages under current New Jersey and Indiana law, and any other state's law deemed to apply to this action, would be void for vagueness, both facially and as applied. Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose; a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred; and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution, the due process provisions of the New Jersey and Indiana state constitutions, and the common law and public policies of the states New Jersey and Indiana and similar protections afforded by any other state whose law is deemed to apply in this case.

## FOURTEENTH SEPARATE DEFENSE

To the extent that the laws of New Jersey and Indiana, and any other state whose law is deemed to apply in this case, permit punishment to be measured by the net worth or financial status of Defendants and imposes greater punishment on defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious, and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of Defendants in other states, and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, the state laws and constitutional provisions

4

of New Jersey, and Indiana and similar protections afforded by any other state whose law is deemed to apply in this case.

### FIFTEENTH SEPARATE DEFENSE

Defendants are entitled to the protections and limitations afforded under the law of Plaintiffs' state of residence and any other state whose law is deemed to apply in this case.

### SIXTEENTH SEPARATE DEFENSE

Defendants are entitled to the protections and limitations afforded under Ind. Code Ann. §§ 34-51-3-1, *et seq.*

### SEVENTEENTH SEPARATE DEFENSE

Defendants are entitled to the protections and limitations afforded under the New Jersey Product Liability Act, N.J.S.A. §§ 2A:58C-1, *et seq.*, and the New Jersey Punitive Damages Act, N.J.S.A. §§ 2A:15-5.9, *et seq.*

### EIGHTEENTH SEPARATE DEFENSE

Defendants are entitled to, and claim the benefits of, all defenses and presumptions set forth in or arising from any rule of law or statute in any state whose law is deemed to apply in this case.

### NINETEENTH SEPARATE DEFENSE

Plaintiffs' claims should be dismissed, reduced, offset, or barred in accordance with the principles of comparative negligence and the New Jersey Joint Tortfeasors Law, N.J.S.A. § 2A:53A-3, *et seq.*

### TWENTIETH SEPARATE DEFENSE

The injuries and damages claimed by Plaintiffs, if any, were caused in whole or in part by the acts or omissions of persons over whom Defendants have no control or right of control.

## TWENTY-FIRST SEPARATE DEFENSE

Plaintiffs' claims are barred by the equitable doctrine of estoppel.

## TWENTY-SECOND SEPARATE DEFENSE

Upon information and belief, if the injuries were caused by Defendants' products, which is denied, the injuries are the result of an idiosyncratic reaction to the product.

## TWENTY-THIRD SEPARATE DEFENSE

Plaintiffs' alleged injuries are a result of pre-existing and/or unrelated medical conditions for which Defendants are not responsible.

## TWENTY-FOURTH SEPARATE DEFENSE

To the extent Plaintiffs' claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiff'ss Legal Comm.*, 531 U.S. 341 (2001).

## TWENTY-FIFTH SEPARATE DEFENSE

If Defendants' products are unsafe in any way, they are unavoidably unsafe. Plaintiffs' purported action is, therefore, barred by Comment k of § 402A of the Restatement (Second) of Torts and/or other applicable law.

## TWENTY-SIXTH SEPARATE DEFENSE

Plaintiffs have failed to plead allegations of fraud with the particularity required by the Federal Rules of Civil Procedure.

## TWENTY-SEVENTH SEPARATE DEFENSE

This Court lacks personal jurisdiction over Defendants DePuy, Inc., DePuy International Limited, Johnson & Johnson International, Johnson & Johnson Services, Inc. and Johnson & Johnson, and therefore these Defendants must be dismissed.

## TWENTY-EIGHTH SEPARATE DEFENSE

Defendants raise and preserve their defenses of failure of service, insufficiency of process, and insufficiency of service of process.

## TWENTY-NINTH SEPARATE DEFENSE

Plaintiffs' Class Action Complaint fails to meet the criteria for class action certification under Rule 23 of the Federal Rules of Civil Procedure.

## THIRTIETH SEPARATE DEFENSE

Defendants are entitled to the protections and limitations afforded by any state's consumer protection and/or deceptive trade practices act deemed to apply to this case.

## THIRTY-FIRST SEPARATE DEFENSE

Defendants state that venue is improper.

## THIRTY-SECOND SEPARATE DEFENSE

Defendants reserve their right to raise such further and additional defenses as may be available upon the facts to be developed in discovery and under other applicable substantive law.

## JURY DEMAND

Defendants request a trial by jury on all issues so triable.

FP01/ 6471278.1