# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| In re:  DePUY ORTHOPAEDICS, INC., ASR™ HIP IMPLANT PRODUCTS LIABILITY LITIGATION | )  MDL Docket No. 1:10-md-2197 )  )  )  )  Judge David A. Katz )  )  )  **CASE MANAGEMENT ORDER NO.  7** )  )  **DEPOSITION GUIDELINES FOR** )  **PLAINTIFFS WHO ARE IN EXTREMIS** )  ) |
| This Document Applies to All Cases | |

**I.      SCOPE OF THE ORDER**

Pursuant to agreement of counsel in this MDL, this Order shall apply to all actions currently pending in MDL No. 2197, all future actions transferred to MDL No. 2197, and all future actions direct-filed in MDL No. 2197.  It is intended to address the need to preserve testimony involving   witnesses who are "in extremis" in specific plaintiffs' cases which have not been selected for bellwether or advanced discovery.  Rules governing cases selected for advanced discovery or bellwether  trials will be addressed at a later date.

**II.     DEPOSITIONS OF PLAINTIFFS WHO ARE *IN EXTREMIS***

Except by leave of the Court for good cause shown, a plaintiff will not notice his or her own deposition for purposes of preserving testimony for trial unless the following conditions have been met:

1.       Plaintiff has provided Defendants with a certification or affidavit from his or her physician stating that Plaintiff is hospitalized, terminally ill or in hospice care due to his or her medical condition and is unlikely to recover sufficiently to provide testimony at a later date;

2.       Plaintiff has provided Defendants with Plaintiff's medical and pharmacy records,

including Plaintiff's treating orthopedist's records, primary care records, and implant and explant records;

3. Plaintiff has provided Defendants with a written description of the steps that Plaintiff has taken to obtain medical and pharmacy records that he or she was unable to provide in accordance with Paragraph 2;

4. Plaintiff has provided Defendants with a completed Fact Sheet, including HIPAA-compliant medical authorizations for the release of records from all of Plaintiff's healthcare providers, surgeons, facilities and pharmacies (whether or not Plaintiff has provided such records to Defendants) sufficiently in advance of the deposition to permit Defendants to obtain any records that Plaintiff has not furnished;

5. After Plaintiff has complied with paragraphs (1) through (4) above, Defendants have been afforded an opportunity to take a discovery deposition of Plaintiff which shall take place before a trial preservation deposition. If Defendants determine at the conclusion of the discovery deposition that no additional investigation is required, the trial preservation deposition will begin no sooner than two (2) business days after the completion of the discovery deposition; however, if Plaintiff reveals information likely to lead to the discovery of admissible evidence during the discovery deposition, the trial preservation deposition shall be conducted as soon as practicable after the completion of Defendants' investigation of same; and

6. The parties have conferred with one another to select mutually agreeable dates for the discovery and preservation depositions.

**III.** **DEPOSITIONS OF NON-PARTY WITNESSES WHO ARE *IN EXTREMIS***

Separate from the general liability discovery which includes party and non-party testimony that can be noticed in the ordinary course of the litigation, with regard to individual

cases that have central non-party testimony of a witness who is i*n extremis*, except by leave of the Court for good cause shown, a party will not notice the deposition of a non-party witness to a plaintiff specific claim for purposes of preserving testimony for trial unless the following conditions have been met:

1. The party provides the counsel for the opposing party with a certification or affidavit from the nonparty witness' physician stating that the witness is hospitalized, terminally ill or in hospice care due to his or her medical condition and is unlikely to recover sufficiently to provide testimony at a later date or,

2. If the party is unable obtain the foregoing, it must provide a certification or affidavit from counsel explaining their good faith attempts to obtain the physician's affidavit or certification, the basis for the seeking expedited discovery and the reason that it unlikely that the witness will recover sufficiently to provide testimony at a later date;

3. After the party has complied with paragraphs (1) and (2) above, the opposing party has been afforded an opportunity to take a discovery deposition of the nonparty witness, which shall take place before a trial preservation deposition.  If the opposing party determines at the conclusion of the discovery deposition that no additional investigation is required, the trial preservation deposition will begin no sooner than two (2) business days after the completion of the discovery deposition unless the parties agree for it to occur sooner; however, if the nonparty witness reveals information likely to lead to the discovery of admissible evidence during the discovery deposition, the trial preservation deposition shall be conducted as soon as practicable after the completion of the opposing party's investigation of same; and

4. The parties have conferred to select mutually agreeable dates for the deposition.

5. In the event the witness becomes too ill or expires after the discovery deposition

3

but before the opposing party chooses to conduct the trial preservation deposition, the admissibility of the discovery deposition shall be determined by the court in accordance with the Federal Rules of Civil Procedure and case law.

IT IS SO ORDERED.

_____          _____
DATE                                                                      DAVID A. KATZ, United States District Judge