# EXHIBIT A

## Definitions

The following definitions apply to this notice of deposition and are deemed to be incorporated into each subject listed below:

a. "ASR Hip System" is used to refer to, as broadly applicable as possible whether in the singular or plural, the DePuy ASR XL Acetebular Hip System and any predecessor, successor or non-final derivation of this device, and the DePuy ASR Hip Resurfacing System and any predecessor, successor or non-final derivation of this device.

b. "DePuy Orthopaedics, Inc." means Defendant DePuy Orthopaedics, Inc. and shall include its affiliated corporations, parents, subsidiaries, divisions, subdivisions, managers, directors, officers, employees, agents, representatives, as well as its predecessors in interest or name.

c. "Documents" as used in this request is coextensive with the meaning of the terms "documents," "electronically stored information" and "tangible things" as used in Federal Rule of Civil Procedure 34, and shall have the broadest possible meaning and interpretation ascribed to those terms under Rule 34 and the applicable Local Rules of the Northern District of Ohio. Consistent with the above definition, the term "document" shall include, without limitation, electronic data, electronic databases, electronic media and any written, printed, typed, photostatic, photographed, recorded, computer-generated, computer-stored, or otherwise maintained or reproduced communication or representation, any database or data compilation in any form, whether comprised of letters, words, numbers, pictures, sounds, bytes, e-mails, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof including, without limitation, all memoranda, notes, records, letters,

envelopes, emails, voicemails, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of experts, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings, correspondence, or communications of any type, including but not limited to video files, audio files, inter- and intra-office communications, questionnaires, surveys, charts, graphs, photographs, phonographs, films, webcasts, powerpoints, tapes, discs, data cells, drums, printouts, all other compiled data which can be obtained (translated, if necessary, through intermediary or other devices into useable forms), documents maintained on, stored in or generated on any electronic transfer or storage system, any preliminary versions, drafts or revisions of any of the foregoing, and other writings or documents of whatever description or kind, whether produced or authorized by or on behalf of you or anyone else, and shall include all non-identical copies and drafts of any of the foregoing now in the possession, custody or control of you, or the former or present directors, officers, counsel, agents, employees, partners, consultants, principals, and/or persons acting on your behalf.

   d.  "Identify" or "identity" with respect to persons, means to give, to the extent known, the person's full name, present or last known address and telephone numbers, and when referring to a natural person, additionally, the present or last known place of employment.

   e.  "Person" means any natural person, as well as any corporate, legal and/or government entity or association.

    f. "Relating to," "relate to," "relating," "referring to," "refer to," "reflecting," "reflect," "concerning," or "concern" shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including documents attached to or used in the preparation of or concerning the preparation of the documents.

    g. "You, "your," and "defendant" means the individual party to whom this notice is directed and all of its domestic and foreign successors in interest, predecessors in interest, subsidiaries, parents, affiliates, and any of its or their divisions, subdivisions, parents, subsidiaries, affiliates, partners, directors, officers, employees, servants, agents, joint venturers, independent contractors, third-party contractors, attorneys, accountants, consultants, investment advisors, bankers or other representatives, whether present or former, and any other person acting or purporting to act on its or their behalf.

    h. The connectives "and" and "or" mean either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

    i. The use of the singular includes the plural and vice versa.

    j. Unless otherwise indicated, the relevant time period for the information sought is January 1, 1998 to present.

**Deposition Topics**

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants shall designate one or more officers, directors, managing agents, employees, or other sufficiently knowledgeable persons to testify concerning the following topics:

1. The identity, nature, location, retention and organization of any and all documents that pertain to the marketing, advertising, branding, patent marketing, education and product support relating to the ASR Hip System.

2. The identity of Defendants' departments, divisions, committees, and/or task forces responsible for the marketing, advertising, branding, patent marketing, education, training and product support relating to the ASR Hip System.

3. The internal organizational structure of Defendants' departments, divisions, committees, and/or task forces responsible for the marketing, advertising, branding, patent marketing, education, training and product support relating to the ASR Hip System.

4. The identity of all employees and agents of Defendants, including all department heads, division heads, and staff who have had responsibilities or duties relating to marketing, advertising, branding, patent marketing, education, training and product support of the ASR Hip System.

5. The identity of Defendants' marketing departments, divisions, committees, and/or task forces that have had responsibilities or duties relating to developing, preparing, drafting, designing, and/or implementing the marketing strategies and advertising campaigns for ASR Hip Systems to healthcare professionals and consumer users, including, but not necessarily limited to the direct-to-consumer (DTC) campaigns.

6. The internal organizational structure of Defendants' marketing related departments, divisions, committees, and/or task forces that have had responsibilities or duties relating to developing, preparing, drafting, designing, and/or implementing the marketing strategies and advertising campaigns for ASR Hip Systems to healthcare professionals and consumer users, including, but not necessarily limited to the direct-to-consumer (DTC) campaigns.

7. The identity of all employees and agents of Defendants, including all department heads, division heads, and staff who have had responsibilities or duties relating to preparing, drafting, developing, designing, and/or implementing the marketing strategies and advertising campaigns for ASR Hip Systems to healthcare professionals and consumer users, including, but not necessarily limited to the direct-to-consumer (DTC) campaigns.

8. The identity of all employees and agents of Defendants who have knowledge of revisions, changes, alterations and modifications to the marketing strategies and advertising campaigns for ASR Hip Systems including, but not necessarily limited to the direct-to-consumer (DTC) campaigns.

9. The identity of Defendants' marketing departments, divisions, committees, and/or task forces that have had responsibilities or duties relating to developing, preparing, drafting, designing, and/or implementing the marketing strategies and advertising campaigns related to the recall of the ASR Hip Systems to healthcare professionals and consumer users, including, but not necessarily limited to the direct-to-consumer (DTC) campaigns.

10. The internal organizational structure of Defendants' marketing related departments, divisions, committees, and/or task forces that have had responsibilities or duties relating to developing, preparing, drafting, designing, and/or implementing the marketing strategies and advertising campaigns related to the recall of the ASR Hip Systems to healthcare professionals

and consumer users, including, but not necessarily limited to the direct-to-consumer (DTC) campaigns.

11. The identity of all employees and agents of Defendants, including all department heads, division heads, and staff who have had responsibilities or duties relating to preparing, drafting, developing, designing, and/or implementing the marketing strategies and advertising campaigns related to the recall of the ASR Hip Systems to healthcare professionals and consumer users, including, but not necessarily limited to the direct-to-consumer (DTC) campaigns.

12. The identity of all employees and agents of Defendants who have knowledge of revisions, changes, alterations and modifications to the marketing strategies and advertising campaigns related to the recall of the ASR Hip Systems including, but not necessarily limited to the direct-to-consumer (DTC) campaigns.

13. The internal organizational structure of Defendants' sales departments and personnel that have had responsibilities or duties relating to informing, promoting, and selling ASR Hip Systems to healthcare professionals and consumer users.

14. The identity, nature, location, retention and organization of any documents concerning agreements or communications between you and any sales representatives, surgical consultants, distributors and/or other third parties relating to the ASR Hip Systems, including but not limited to the recall.

15. The identity, nature, location, retention and organization of any documents concerning agreements or communications between you and any outside third party retained for the purpose of marketing, advertising, branding, patent marketing, education, training and product support relating to the ASR Hip System, including but not limited to the recall.

16. The identity, nature, location, retention and organization of any documents concerning any agreements or communications between you and any outside public relations firms or marketing consultants that relate to the ASR Hip Systems, including but not limited to the recall.

17. The identity, nature, location, retention and organization of any documents prepared by or on behalf of any of the Defendants or published in any newspaper, journal, magazine, blog, webpage or newsletter wherein you publically responded to complaints regarding the ASR Hip Systems.

18. The identity of all persons within DePuy (including but not limited to their titles, duties and dates so held), and the identity of all departments, committees, task forces, advisory boards and the like (including but not limited to their names, responsibilities, dates of operation and the identity of their members), who/which have ever been responsible at any time period for U.S. regulatory matters concerning the ASR Hip System, including but not limited to:

    a. Communicating with U.S. regulatory officials, the FDA and related regulatory bodies concerning ASR Hip System, including prior to the date of 2005 and during the research and development phase of ASR Hip System;

    b. The compliance with U.S. regulations, codes and laws concerning the development, testing, manufacture, approval, monitoring, sales, marketing, advertising, promotion and recall of ASR Hip System;

    c. The review and submission of documents and information related to the ASR Hip Systems, including, but not limited to the 510(k) Premarket Notification, 510(k) Amendments and 510(k) Supplements;

    d. The substantive preparation and approval of package inserts and surgical techniques for ASR Hip Systems and any changes thereto;

 e. The substantive preparation and approval of patient safety information sheets regarding ASR Hip System and any changes thereto;

 f. The substantive preparation and approval of the Field Safety Notice and Urgent Information – Recall Notice regarding ASR Hip Systems and related conditions or injuries; and

 g. The monitoring, evaluation and reporting to the FDA and related regulatory bodies of post-marketing adverse event reports.

19. The identity of persons at the FDA with whom DePuy had contact and who had primary responsibility regarding ASR Hip Systems, as well as any payment, remuneration or benefits given to such persons by DePuy at any time.

20. DePuy's practices and procedures for the review, submission, approval, monitoring and compliance with the any and all regulatory provisions as they relate to ASR Hip Systems.

21. The interactions between DePuy and the FDA concerning the pre-510(k) approval, the approval, and use or promotion of the ASR Hip System.

22. The interactions between DePuy and the FDA concerning the recall of the ASR Hip System.