**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| In re: DePUY ORTHOPAEDICS, INC., ASR™ HIP IMPLANT PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1:10-md-2197 |
| | Judge David A. Katz |
| | **CASE MANAGEMENT ORDER NO. 10** (Defendant Fact Sheet) |
| This Document Applies to All Cases | |

**I.  SCOPE OF THE ORDER**

Pursuant to agreement of counsel in this MDL, this Order shall apply to all actions currently pending in MDL No. 2197, all future actions transferred to MDL No. 2197, and all future actions direct-filed in MDL No. 2197.

**II.  DEFENSE FACT SHEETS**

1.  The Defense Fact Sheet ("DFS") in the form attached as Exhibit A is hereby approved by the Court with the consent of counsel.

2.  The DePuy Defendants in each action currently pending before the Court in MDL No. 2197 shall complete and serve upon Plaintiff's Liaison Counsel a completed DFS within 120 days from the date the Plaintiffs' Fact Sheet ("PFS") is served on Defendants' Lead and Liaison Counsel as prescribed in Case Management Order No. 9. The individual DFS shall also be served on the counsel identified in Section I of the PFS by regular or electronic mail. The DFSs shall be completed and served on a rolling basis.

3. An alleged deficiency in the PFS will not delay service of the DFS unless the deficiency materially and substantially impacts the DePuy Defendants' ability to complete the DFS.

4. For all cases transferred to MDL No. 2197 after the date of this Order, the DePuy Defendants shall complete a DFS and serve upon each individual Plaintiff's counsel identified in Section 1 of the PFS and upon Plaintiff's Liaison Counsel a completed DFS by regular or electronic mail within 120 days from service of the PFS.

5. Nothing in the DFS shall be deemed to limit the scope of inquiry at depositions and admissibility of evidence at trial. The scope of inquiry at depositions shall remain governed by the Federal Rules of Civil Procedure. The admissibility of information in the DFS shall be governed by the Federal Rules, and no objections are waived by virtue of any fact sheet response.

6. The parties and their counsel are reminded as to the applicability of the Amended Stipulated Protective Order (Doc. No. 182).

7. The parties may agree to an extension of the above time limits for service of the DFS. Consideration should be given to requests for extensions to stagger DFS deadlines where the DePuy Defendants have a large number due on or near the same dates. If the parties cannot agree on reasonable extensions of time, such party may apply to the Court for such relief upon a showing of good cause.

_____    _____
DATE                              DAVID A. KATZ, United States District Judge

FP01/ 6573155.1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

IN RE: DEPUY ORTHOPAEDICS, INC
ASR HIP IMPLANT PRODUCT LIABILITY
LITIGATION

------------------------------------------------------

THIS DOCUMENT APPLIES TO:

Plaintiff: _____

Action No.: _____

MDL Docket No. 1:10-md-2197

JUDGE DAVID A. KATZ

**DEFENDANTS' FACT SHEET**

Defendants DEPUY ORTHOPAEDICS, INC., DEPUY, INC., DEPUY INTERNATIONAL LIMITED, JOHNSON & JOHNSON INTERNATIONAL, JOHNSON & JOHNSON SERVICES, INC. and JOHNSON & JOHNSON (collectively "Defendants," "You" or "Your") hereby submit the following Defendants' Fact Sheet responses and related Documents for the above referenced case.

**INSTRUCTIONS**

Please provide the following information for plaintiff (or plaintiff's decedent) (hereinafter "Plaintiff") who was implanted with an ASR Hip System or any components thereof (hereinafter "Device") that is the subject of Plaintiff's complaint in the above referenced action, and who subsequently had a revision of said implantation. In filling out any section or sub-section of this form, please submit additional sheets as necessary to provide complete information.

In filling out this form, please respond on the basis of information and/or documents that are reasonably available to each of the Defendants, the Sales Representative Company that supplied the implant, and the Sales Representative who was present at the implantation and explantation. Please use the definition of "ASR Hip Systems," "Documents," and "Communication," set forth in Plaintiffs' First Request for the Production of Documents to Defendants served on March 29, 2011 in the MDL 2197. Also, please use the following definition for "Healthcare Providers": All Persons identified in Section II of the Plaintiff Fact

Sheet submitted by Plaintiff who performed implantation or revision surgery to implant or explant Plaintiff's Device.

"Produce" shall be defined as to identify where in the general document production the documents requested may be located, either by Bates Number or by some other identifier (e.g., Complaint file number or keywords which may yield the documents).

In completing this Defendants' Fact Sheet, You are under oath and must provide information that is true and correct to the best of Your knowledge, information and belief. If the response to any question is that You do not know the information requested, that response should be entered in the appropriate location(s).

**A.     CASE AND RESPONSE INFORMATION**

1. This Defendant Fact Sheet pertains to the following case:

    Case Caption: _____
    Case Action No.: _____
    Court in which action originally filed: _____

**B.     DEVICE MANUFACTURE INFORMATION**

1. For each Device identified by Plaintiff in response to Section II of the Plaintiff Fact Sheet (hereinafter "PFS") submitted by Plaintiff, please provide the following:

    a. The date(s) on which Plaintiff's Device and any components thereto were manufactured (indicating date for each Device or component identified).
    _____
    _____
    _____

    b. The facilities at which Plaintiff's Device and any components thereto were manufactured (indicating location/address for each Device or component identified). _____
    _____
    _____

    c.      The date of shipment of Plaintiff's Device from DePuy.

_____

_____

_____

    d.      The Identity of the entity that delivered Plaintiff's Device to the Purchaser.

_____

_____

_____

    e.      Other than DePuy related entities, and those entities listed in Sections B and C herein, the chain of custody of the device from DePuy to the healthcare provider.

_____

_____

_____

    f.      The identity by name and address of the person or entity to whom the Device was sold.

_____

_____

_____

    g.      Produce the Device History Record for the Device.

_____

_____

_____

2. For each Device identified by Plaintiff in response to Section II of the PFS submitted by Plaintiff, please provide the following:

   a. Produce a copy of the complaint file(s), including medical records, if any, for the Plaintiff.

   b. Please provide the complaint file number(s) that would permit Plaintiff to identify his/her complaint file, if any, in the general document production.

   _____

   _____

C. **PRODUCT/ MARKETING/ SALES REPRESENTATIVE AND MANAGER INFORMATION**

   1. Provide the name and business address of the sales representative company that received the Device that was implanted in Plaintiff.

   _____

   _____

   _____

   2. Provide the name and business address of the sales representative(s) present at the surgical facility at the time Plaintiff's Device (or any component) was implanted and/or at the time Plaintiff's Device (or any component) was explanted.

   _____

   _____

   _____

   3. Produce documents that relate in a reasonably direct manner to the ASR Hip System from the sales representative company identified in question C.1, above.

4

**D.  COMMUNICATIONS AND RELATIONSHIPS WITH PLAINTIFFS' HEALTHCARE PROVIDERS AND PLAINTIFF**

1. Produce Communications between the Defendants, the sales representative company and/or sales representative(s) identified in section C above and Plaintiff's Healthcare Provider(s) about any ASR Hip Systems, including but not limited to Dear Healthcare Provider letters, recall letters, telephone or email contacts or meetings.

2. Produce Communications between the Defendants, the sales representative company and/or sales representative(s) identified in section C above and Plaintiff, to the extent not contained in the complaint file, if any, and identify the Bates numbers of such communications.

3. Produce documents that relate in a reasonably direct manner to consulting agreements, if any between Defendants and any of Plaintiff's Healthcare Providers, including but not limited to all consulting relationships to provide advice on the design, study, testing or use of hip replacement systems, or to consult as a thought leader, opinion leader, member of a speaker's bureau or similar arrangement.

4. Produce documents that relate in a reasonably direct manner to relationships, if any, between Defendants and any of Plaintiff's Healthcare Providers to conduct any pre-clinical, clinical, post-marketing surveillance or other study or trial concerning any hip replacement systems including but not limited to any ASR Hip System.

5. Produce documents that reflect financial compensation, things of value and promotional items provided by Defendants to Plaintiff's Healthcare Providers. Please include all fees, expenses, honoraria, royalties, grants, gifts, travel (i.e., airfare, hotel etc.) and any other payments or things of value given.

**E.  ADVERSE EVENT REPORTS**

1. Provide the identification number for any Medical Device Adverse Event Report.

F.  **BROADSPIRE**

1. Identify any claim file that has been opened by Broadspire concerning Plaintiff, including the date the file was opened and any file number assigned.

2. Identify all Communications between Broadspire (and anyone acting on Broadspire's behalf) and any of Plaintiff's Healthcare Providers about Plaintiff. Please provide a description of the Communication, the date the Communication was made and the general subject matter of the Communication.

3. Identify all Communications between Broadspire (and anyone acting on Broadspire's behalf) and Plaintiff. Please provide a description of the Communication, the date the Communication was made and the general subject matter of the Communication.

4. Identify all payments made to Plaintiff directly, or others on Plaintiff's behalf, by Broadspire. For each payment, please Identify the Person who made the payment, the Person paid, the amount paid, the date paid and the reasons for such payment.

5. Produce all documents Broadspire has obtained directly from the Plaintiff.

6. Produce all documents Broadspire has obtained from sources other than Plaintiff (Plaintiff's Healthcare providers, employers, insurers, or others) using an authorization executed by Plaintiff. Identify any and all payments made by Broadspire on behalf of Plaintiff to any medical providers who have asserted or may assert liens against Plaintiffs recovery.

7. Identify and produce all medical or laboratory records relating to plaintiff obtained by DePuy, Johnson and Johnson and/or Broadspire through the use of a written authorization.

## **VERIFICATION**

  I am employed by DePuy Orthopaedics, Inc., one of the Defendants in this action. I am authorized by Defendants to make this verification on each corporation's behalf. The foregoing answers were prepared with the assistance of a number of individuals, including counsel for Defendants, upon whose advice and information I relied. I declare under penalty of perjury that all of the information as to the foregoing Defendants provided in this Defendants' Fact Sheet is true and correct to the best of my knowledge upon information and belief.

Date: _____       _____
                Signature

                Name: _____
                Employer: _____
                Title: _____