# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| ) | **Case No. 1:10 md 2197** |
| ) | |
| ) | MDL No. 2197 |
| IN RE: DePUY ORTHOPAEDICS, INC.    ) | |
| ASR HIP IMPANT    ) | |
| PRODUCTS   LIABILITY LITIGATION    ) | **Judge David A. Katz** |
| ) | |
| _____) | |

--------------------------------------------------------X
THIS DOCUMENT APPLIES TO ALL CASES:
--------------------------------------------------------X

## CASE MANAGEMENT  ORDER NO. 12

**(ESTABLISHING DePUY ORTHOPAEDICS, INC. ASR HIP IMPLANT FEE AND EXPENSE FUNDS TO COMPENSATE AND REIMBURSE ATTORNEYS FOR SERVICES PERFORMED AND EXPENSES INCURRED FOR MDL ADMINISTRATION AND THE COMMON BENEFIT)**

## I.    SCOPE OF ORDER

This Order is entered to provide for the fair and equitable sharing among plaintiffs, and their counsel, of the burden of services performed and expenses incurred by attorneys acting for the common benefit of all plaintiffs in this complex litigation.

### A.    Governing Principles--The Common Benefit Doctrine

The governing principles are derived from the United States Supreme Court's common benefit doctrine, as established in *Trustees v. Greenough*, 105 U.S. 527 (1881); refined in, *inter alia*, *Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116 (1884); *Sprague v. Ticonic National Bank*, 307 U.S. 161 (1939); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970); *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980); and approved and implemented in the MDL context in, *inter alia*, *In re MGM Grand Hotel Fire Litigation*, 660 F.Supp. 522, 525-29 (D. Nev.

1987); and *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1019-21 (5th Cir. 1977).

**B.      Application**

This Order applies to all cases now pending, or later filed in, transferred to, or removed to, this Court (and which did not succeed in a motion to remand to state court) and treated as part of this Coordinated Proceeding (*In re: DePuy Orthopaedics, Inc., ASR Hip Implant Products Liability Litigation*, MDL No. 2197). This Order further applies to all plaintiffs' attorneys  and their law firms who represent clients, who have cases now pending, or later filed in, transferred to, or removed to this Court (and which did not succeed in a motion to remand to state court), regardless of whether the plaintiff's attorney signs the "Participation Agreement" attached hereto as Exhibit A. The Participation Agreement need only be signed by state court counsel without any cases filed in the MDL as set forth in Section C below. This Order further applies to all cases or claims (filed or unfiled) of all Participating Counsel as defined in Section C and all cases or claims (filed or unfiled) in state or federal court where the Participating Counsel has a fee interest.

**C.      Participating Counsel and Participation Agreement (Exhibit A)**

Exhibit A, attached hereto and incorporated herein, is a voluntary Participation Agreement for plaintiffs' attorneys to be executed only if otherwise not subject to this self-executing agreement. The Participation Agreement is a private and cooperative agreement between plaintiffs' attorneys only, and not defendants. "Participating Counsel" is defined as any lawyer and their law firm with a case on file in the MDL now or in the future or any other lawyer and their law firm who signs the Participation Agreement or utilizes the work product of the MDL as later defined. Participating Counsel are entitled to receive the MDL "common benefit

work product" and the state court "work product" of those attorneys who have also signed the Participation Agreement, including the work product developed in the California Coordinated Proceeding and any other state court proceeding if the leadership in those litigations represent that the counsel in the state court litigation(s) agree.  Participating Counsel are eligible to make a submission for common benefit time and cost reimbursement in accordance with the terms of the agreement and this order.

The Court recognizes that Participating Counsel who have cases in separate and independent jurisdictions are voluntarily agreeing to share the common benefit work product developed in these jurisdictions.  The Court further recognizes the separate and independent rights of each jurisdiction, including the jurisdictional rights and obligations of the state courts whose parties include Participating Counsel.  The Agreement and this Order shall not be cited by a party to the Participation Agreement in any other court in support of a position that adversely impacts the jurisdictional rights and obligations of the state courts and state court Participating Counsel.

## II.   PLAINTIFFS' LITIGATION FEE AND EXPENSE FUNDS

### A.   Establishing the Fee and Expense Funds

Plaintiffs' Liaison Counsel ("PLC") is directed to establish two interest-bearing accounts to receive and disburse funds as provided in this Order (the "Funds").  The first fund shall be designated the "ASR Hip Fee Fund" and the second fund shall be designated the "ASR HIP Expense Fund."  These funds will be held subject to the direction of this Court.  Adele Jasion, CPA, of the firm of Gilmore, Jasion & Mahler ("Escrow Agent") is hereby appointed as escrow agent for the purpose of receiving and disbursing funds as provided in this Order.  These funds will be held as funds subject to the direction and further order of the Court.   No party or attorney

has any individual right to any of these funds except to the extent of amounts directed to be disbursed to such person by order of the Court.  These funds do not constitute the separate property of any party or attorney and are not subject to garnishment or attachment for the debts of any party or attorney except when and as directed to be disbursed to a specific person as provided by order of the Court.

The hourly rates to be charged by the Escrow Agent shall be $215 per hour for Ms. Jasion and comparable professionals within the firm, and $85 to $110 per hour for associate assistance, depending on experience.  The Escrow Agent shall keep detailed records of all deposits and withdrawals and prepare tax returns and other tax filings and shall provide quarterly reports on income and expenses to the PLC.  The Escrow Agent shall submit quarterly detailed bills to the Court and to the PLC.  Upon approval, the CPA's bills shall be paid from the DePuy MDL PSC Fund until such time as there are sufficient funds in the ASR Hip Expense Fund, and shall be considered a shared cost.

**B.      Payments into the Fee and Expense Funds:  The Assessment**

All plaintiffs and their attorneys who agree or have agreed – for a monetary consideration – to settle, compromise or dismiss their case, with or without trial, or who recover a judgment for monetary damages or other monetary relief, including compensatory and punitive damages with respect to ASR Hip claims, are subject to an assessment on the "Gross Monetary Recovery," as set forth below.

**1.      Gross Monetary Recovery**

"Gross Monetary Recovery" includes any and all amounts paid by defendants as settlement or judgment.  In measuring the Gross Monetary Recovery, the parties are to (a) include the cost to defendants to provide any fixed and certain payments to be made in the

future;  (b) include the present value and/or costs to defendants for any other relief provided by Defendants; and (c) include any payments to be made by defendants on an intervention asserted by third-parties, such as to physicians, hospitalsor other healthcare providers in subrogation related to treatment of plaintiff, unless said payments were made by the DePuy, J&J  or their claims handling entity Broadspire and  no attorney fees were received by plaintiffs' counsel for that payment.

## 2.  Assessment Amount

The assessment amount shall be three percent (3%) for common benefit attorneys' fees and one percent (1%) for costs.  The assessment represents a hold back (*In re Zyprexa Prods. Liab. Litig.*, 467 F.Supp.2d 256, 266 (2d. Cir. 2006)) and shall not be altered in any way unless each of the following occurs:  (1) the entire Plaintiffs' Steering Committee ("PSC") is consulted and provided an opportunity to be heard prior to the filing of any motion to change the assessment amount; (2) the PSC approves the proposed change to the assessment by a majority vote; and (3) noticed motion with an opportunity to be heard is granted by the Court and the Court determines that good cause warrants a modification.

### a.  Late Participation.
For any counsel who enters into the Participation Agreement after sixty (60) days of the entry of this Order or ninety (90) days of their first case being docketed in any jurisdiction (whichever is later), the assessment shall be six percent (6%, with 5% being allocated for fees and 1% for expenses).  Under appropriate circumstances and within the discretion of  the PEC, the PEC can waive the late participation fee.

### 3.  Defendant Obligations

Defendants and their counsel shall not distribute any settlement proceeds to any plaintiff or plaintiff's counsel until after (1) defendant's counsel notifies the PLC in writing of the existence of a settlement and the name of the plaintiff and individual Plaintiff's attorney; and (2) the PLC has advised defendant's counsel in writing whether or not the individual plaintiff's attorney's cases are subject to an assessment pursuant to this Order.  The PLC shall be permitted to share this information with the Plaintiffs' Executive Committee ("PEC") who shall otherwise keep this information confidential.  For cases subject to an assessment, defendants are directed to withhold an assessment from any and all amounts paid to plaintiffs and their counsel and to pay the assessment directly into the Funds as a credit against the settlement or judgment.  No orders of dismissal of any plaintiff's claim that is subject to this Order shall be entered unless accompanied by a certificate of plaintiff's and defendant's counsel that the assessment, where applicable, will be withheld and will be deposited into the Funds at the same time the settlement proceeds are paid to the settling plaintiff or his/her counsel or designee.  If for any reason the assessment is not or has not been so withheld, the plaintiff and his/her counsel are jointly responsible for paying the assessment into the Funds promptly.

Counsel for each defendant shall provide at least quarterly notice to the Court or its designee, and served on the PLC, the names and docket numbers of the cases for which it has paid an assessment into the Funds since the last such report.  A report is not due if there are no payments made into the Funds by that Defendant during that quarter.  Details of any individual settlement agreement, individual settlement amount and individual amounts deposited into escrow shall be confidential and shall not be disclosed by the CPA to the  PLC, the Court, or the Court's designee, unless the Court requests that it receive that information.  Monthly statements from the CPA, however, shall be provided to the PLC and the Court showing only the aggregate

of the monthly deposits, disbursements, interest earned, financial institution charges, if any, and current balance.

## III.   COMMON BENEFIT EXPENSES

### A.   Qualified Expenses Eligible for Reimbursement

In order to be eligible for reimbursement of common benefit expenses, said expenses must meet the requirements of this section.  Specifically, said expenses must be (a) for the common benefit and not for the benefit of individual plaintiff cases, (b) appropriately authorized, as set forth herein and timely submitted, (c) within the defined limitations set forth in this Order, and (d) verified.

### B.   Shared and Held Common Benefit Expenses

#### 1.   Shared Costs

Shared Costs are costs incurred for the common benefit of the MDL as a whole.  Shared Costs are costs that will be paid out of a separate DePuy MDL PSC Fund account that has already been established by PLC and funded by all members of the PEC, PSC and others as determined by the PEC and its designated subcommittees.  All Shared Costs must be approved by any member of the PEC prior to payment.  Shared Costs include:  (a) certain court, filing and service costs;  (b) deposition and court reporter costs for non-case specific depositions; (c) document depository costs, including creation, operation, equipment and administration and costs attendant to training; (d) Plaintiffs' Co-Lead and Liaison Counsel administrative matters (*e.g.*, expenses for equipment, technology, courier services, long distance, telecopier, electronic service, photocopy and printing); (e) PEC and PSC group administration matters such as meetings and conference calls; (f) legal and accountant fees;  (g) expert witness and consultant fees and expenses; (h) printing, copying, coding, scanning (out of house or extraordinary firm

7

cost); (i) research by outside third party vendors/consultants/attorneys; (j) common witness expenses including for travel; (k) translation costs; (l) bank and financial institution charges; and (m) investigative services.

### 2. Held Costs

Held Costs are those that will be carried by Participating Counsel and reimbursed as and when determined by the PEC and this Court to be unreimbursed and authorized shared costs. Held Costs are costs incurred for the global benefit of the MDL. Contributions made to the DePuy MDL PSC Fund shall be reimbursable at the conclusion of the litigation or at such time as otherwise may be determined by a majority of the PEC. Held Costs are those that do not fall into the above Shared Costs categories but are incurred for the benefit of all plaintiffs in general. No specific client-related costs can be considered as Held Costs. All costs of a substantial nature that meet these requirements and fall under the categories set forth below shall be considered Held Costs and qualify to be submitted for consideration by the PEC and the Court for future reimbursement from the ASR Hip Expense Fund.

### C. Authorization and Submission

This Order and the Participation Agreement set forth the guideliness for authorizing and submitting expenses for the common benefit. Said expenses shall be submitted to the PLC, namely, Michelle L. Kranz of Zoll Kranz & Borgess at DePuyLiaisonTime@toledolaw.com; and Co-Lead Ellen Relkin of Weitz & Luxenberg, P.C. at DePuyLeadTime@weitzlux.com on a monthly basis accompanying the time record submissions set forth below.

### D. Expenses Limitations

### 1. Travel Limitations

Except in extraordinary circumstances approved by PEC, all travel reimbursements are subject to the following limitations:

i.       Airfare.  Ordinarily only the price of a coach seat for a reasonable itinerary will be reimbursed. Business/First Class Airfare will ***not*** be fully reimbursed, except for international flights or cross-country flights, which requires prior written approval by Co-Lead Counsel. In the event non-coach air travel is utilized, the attorney shall be reimbursed only to the extent of the full coach fare if the full coach fare for that flight is contemporaneously documented.

ii.      Hotel.   Hotel room charges for the average available room rate of a business hotel, including the Hyatt, Hilton, Sheraton, Westin, and Marriott hotels, in the city in which the stay occurred will be reimbursed.  Luxury hotels will not be fully reimbursed but will be reimbursed at the average available rate of a business hotel.

iii.     Meals.  Meal expenses must be reasonable.

iv.      Cash Expenses.  Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, pay telephone, etc.) will be reimbursed up to $30.00 per trip, as long as the expenses are properly itemized.

v.       Rental Automobiles.   Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available.  If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless such larger sized vehicle is needed to accommodate several counsel.

vi.      Mileage.   Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm.  The maximum allowable rate will be the maximum rate allowed by the IRS (currently 55 cents per mile).

**2.      Non-Travel Limitations**

i. Long Distance, Conference Call and Cellular Telephone Charges:  Common benefit long distance, conference call and cellular telephone charges must be documented as individual call expenses in order to be compensable.  Copies of the telephone bills must be submitted with notations as to which charges relate to the The DePuy Orthopaedics, Inc. ASR Hip Implant MDL litigation. Such charges are to be reported at actual cost.

ii. Shipping, Overnight, Courier, and Delivery Charges:   All claimed common benefit shipping, overnight, courier or delivery expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package. Such charges are to be reported at actual cost.

iii.   Postage Charges:   A contemporaneous postage log or other supporting documentation must be maintained and submitted for common benefit postage charges.  Such charges are to be reported at actual cost.

iv.   Telefax Charges:   Contemporaneous records should be maintained and submitted showing faxes sent and received for common benefit matters.  The per-fax charge shall not exceed $1.00 per page.

v.  In-House Photocopy:  A contemporaneous photocopy log or other supporting documentation must be maintained and submitted.  The maximum copy charge is 20¢ per page.

vi.  Computerized Research – Lexis/Westlaw:  Claims for Lexis or Westlaw, and other computerized legal research expenses should be in the exact amount charged the firm and appropriately allocated for these research services.

**E.     Verification**

The forms detailing expenses shall be certified by a senior partner in each firm attesting to the accuracy of the submissions.  Attorneys shall keep receipts for all expenses. Credit card receipts are an appropriate form of verification so long as accompanied by a declaration from counsel that work was performed and paid for the common benefit.

**F.     Costs and/or Expenses in Excess of Amounts Available in the Expenses Fund**

To the extent the ASR Hip Expenses Fund or the ASR Hip Fee Fund are insufficient to appropriately address or reimburse common benefit expenses and time, the Court may equitably apportion the amounts in either fund to the other as is just and appropriate.

**IV.     <u>COMMON BENEFIT WORK</u>**

**A.     Overview of Common Benefit Work**

Only Participating Counsel are eligible for reimbursement for time and efforts expended for the common benefit.  Participating Counsel shall be eligible for reimbursement for time and efforts expended for common benefit work, if said time and efforts are (a) for the common

benefit, (b) appropriately authorized, as set forth in the Participation Agreement, (c) timely submitted and (d) approved by this Court.

**B.      Authorization for Compensable Common Benefit Work**

As the litigation progresses and common benefit work product of the same type and kind continues to be generated, the PEC will provide Participating Counsel with such common benefit work product and will otherwise cooperate with counsel to coordinate the MDL litigation and the state litigation for the benefit of the plaintiffs.  Authorized Common Benefit Work includes assignments made by the PEC and Committee Chairs for assigned searches performed on the Crivella West system/electronic depository including review and document coding, custodial witness summaries, timelines, materials provided to experts, expert retention, depositions of liability witnesses and generic experts, the deposition cuts that may be used in a case, the trial exhibit preparation, the scientific articles assembled, PSC, PLC and PEC activities, work of lead or liaison counsel in the California Coordinated Proceedings and any other state court proceeding where the leadership represents that the litigants agree to join in the participation agreement and the work inures to the common benefit, Discovery, Science and Law Committee work, authorized state and federal court trials, and company and generic expert depositions in state or federal court.  Time spent on matters common to all claimants in MDL 2197 must be assigned by the PEC to be eligible for consideration for common benefit.  A Fee Committee to be appointed by the Court at the appropriate time shall consider eligible common benefit work whether performed in federal court or in any of the state court jurisdictions in making its recommendations.  No time spent on developing or processing individual issues in any case for an individual client (claimant) will be considered or should be submitted, nor will time spent on unauthorized work.

1. Examples of authorized and unauthorized work include:

a. <u>Depositions of corporate and expert witnesses</u>: Any Participating Counsel may attend any deposition space permitting; however, if such counsel has not been designated as one of the authorized questioners or otherwise authorized to attend the deposition on behalf of the PEC/PSC (or you are not one of the examiners designated and/or authorized by court-appointed state litigation co-lead or liaison counsel) your time and expenses shall not be considered common benefit work, but rather considered as attending on behalf of such counsel's individual clients;

b. <u>Periodic MDL Conference Calls</u>: These calls are held so that individual attorneys are kept up-to-date on the status of the litigation, and participation by listening to such calls is not common benefit work. Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients, and that is a reason to listen in on those calls. The attorneys designated by Co-Lead and Liaison Counsel to run those calls are working for the common benefit by keeping other lawyers informed and educated about the case, and their time will be considered for common benefit. Nothing in this paragraph shall be construed to prevent members of the PSC from submitting common benefit time for participation in PSC communications that are germane to all members of the PSC and are necessary to fulfill their PSC obligations;

c. <u>Periodic Status Conferences</u>: Regular status conferences are held so that the litigation continues to move forward and legal issues are resolved with the Court. Individual attorneys are free to attend any status conference held in open court in order to keep up-to-date on the status of the litigation and participation, but attending and listening to such conferences is not

common benefit work. Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients. Mere attendance at a status conference will not be considered a common benefit expense or common benefit time. The attorneys designated by PEC to address issues that will be raised at a given status conference or requested by PEC to be present at a status conference are working for the common benefit and their time will be considered for common benefit. Similarly, any attorney whose attendance at a status conference is specifically requested by the Judge in that case may submit their time to the Fee Committee for evaluation as common benefit time;

d.  <u>Committee Meetings or Calls</u>: During committee phone calls or other meetings there is a presumption that only one participant per firm will qualify for common benefit time, unless otherwise authorized by the PEC;

e.  <u>Identification and Work Up of Experts</u>: Participating Counsel are encouraged to identify experts in consultation with the PEC. If a Participating Counsel travels to and retains an expert without the knowledge and approval of the PEC they understand that the MDL may not need or use that expert, and their time and expenses may not be eligible for common benefit expenses/work;

f.  <u>Attendance at Seminars</u>: Attendance at a seminar that has as an agenda item or information about the ASR litigation is not common benefit work or a common benefit expense;

g.  <u>Document Review</u>: In the MDL, only document review specifically assigned and authorized to an attorney will be considered common benefit work. If an attorney elects to review documents that have not been assigned to that attorney by the PEC, that review is not considered common benefit. In state

court, only document review specifically assigned and authorized to an attorney will be considered common benefit work.  If an attorney elects to review documents that have not been assigned to that attorney by state court leadership in conjunction with the MDL Executive Committee or PSC Committee Chairs, that review is not considered common benefit.  Participating Counsel will receive periodic reports from Crivella West, the vendor retained by the PEC to manage the electronic production, of computer billing time for depository review.  Crivella West has the capability to track actual time spent by each attorney in reviewing documents. Participating Counsel should bring any discrepancy to the attention of the PEC or its designee within thirty days of receipt of the Crivella West report. Failure to timely bring any claimed discrepancy to the attention will result in the compensable document review time being presumptively deemed that which was electronically logged by Crivella West.   A Fee Committee to be appointed by the Court at the appropriate time will review all fee submissions related to document review, and document review that is duplicative of what has been assigned in the MDL may not be compensated;

h.  <u>Review of Pleadings and Orders</u>:  Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients, and review of pleadings and orders is part of that obligation. Only those attorneys designated by PEC to review or summarize  those pleadings or Orders for the MDL are working for the common benefit and their time will be considered  for  common benefit.  All  other counsel are

reviewing those pleadings and orders for their own benefit and the benefit of their own clients, and the review is not considered common  benefit.  Nothing in this paragraph shall be construed to prevent members of the PEC/PSC/PLC from submitting common benefit time for reviewing orders of the Court that are germane to all members of the PEC/PSC/PLC and are necessary for review to fulfill their committee obligations;

i.    Emails:  Time recorded for reviewing emails, and providing non-substantive responses, generally is not compensable unless germane to a specific task being performed by the receiving or sending attorney or party that is directly related to that email.  Thus, for example, review of an email sent to dozens of attorneys to keep them informed on a matter on which they are not specifically working would not be compensable.  Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients and that is a reason to review emails to a larger group which involves a matter on which the recipient is not directly and immediately working.  If time submissions are heavy on email review and usage with little related substantive work, that time may be heavily discounted or not compensated at all.

j.    Review of Discovery Responses: Each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients and that is a reason to review discovery responses served in this litigation.  Only those attorneys designated by PEC to review and summarize those discovery responses for the MDL are working for the common benefit

and their time will be considered for common benefit.  All other counsel are reviewing those discovery responses for their own benefit and the benefit of their own clients, and the review is not considered common benefit;

k.  <u>Bellwether Trials</u>: While the work-up of individual cases is *not* considered common benefit, in the event that a case is selected as part of an approved early preference or bellwether trial process in the MDL, California or other participating state court proceedings,  the time and expenses in trying the case (including work performed as part of the approved bellwether process) may be considered for common benefit to the extent it complies with the other provisions of this Order or Participation Agreement.

In the event Plaintiffs' Counsel are unsure if the action they are about to undertake is considered a common benefit action, counsel shall ask the PLC or a member of the PEC in advance as to whether such time may be compensable.

## C.    Time Keeping and Submission of Time Records

All time must be authorized and accurately and contemporaneously maintained.  Time shall be kept according to these guidelines as set forth.  Participating Counsel shall keep a daily record of their  time spent in connection with common benefit work on this litigation, indicating with specificity the hours, location and particular activity (such as "conducted deposition of John Doe.").  Time entries that are not sufficiently detailed may not be considered for common benefit payments.  All common benefit work time for each firm shall be maintained in a tenth-of-an-hour increment.

Upon order of the Court, payments may be made from the ASR Hip Fee Fund  or ASR Hip Expense Fund, as applicable to attorneys who provide services or incur expenses for the joint and common benefit of plaintiffs in addition to their own client or clients.  These guidelines

are intended for all activities performed and expenses incurred by counsel that relate to matters common to all claimants in MDL 2197 and California or other participating  coordinated state court proceedings.  The following shall be noted:

1.    All time submissions must be incurred only for work authorized under this Order.

2.    All time submissions must be made on the forms provided by the PEC.

3.    All time and expenses are subject to proper and timely submission (on the 30th of each month beginning on December 30, 2011) of contemporaneous records certified to have been timely received within thirty (30) days after the 30th of the previous month.  By December 30, 2011, submissions shall be made for all time incurred prior to the entry of this Order.

4.    All time and expense submissions must be electronically sent in the designated form on a monthly basis to the attention of PLC, Michelle L. Kranz of Zoll Kranz & Borgess at DePuyLiaisonTime@toledolaw.com and Ellen Relkin of Weitz & Luxenberg, P.C. at DePuyLeadTime@weitzlux.com. Each will cooperatively share and maintain the data submitted. It is therefore essential that each firm, on a monthly basis, timely submit its records for the preceding month.

5.    Untimely Submissions.  Failure to provide time records within thirty (30) days after notice from the PEC or PLC that time records were not timely submitted shall result in a waiver.

**D.    Distributions**

**1.    Procedures and Forms**

The PEC shall establish forms and procedures to implement and carry out any time and expense submissions required by the Court and for reimbursement from the Funds. The forms already established are attached hereto as "Exhibit B".  Once developed, any additional  forms

may be obtained from the PLC.  The forms shall be certified by a senior partner in each firm attesting to the accuracy of the submissions.  Questions regarding the guidelines or procedures or the completion of any form should be directed to the PEC, PLC or the Court.

### 2.    Court Approval

The amounts deposited in the Funds shall be available for distribution to Participating Counsel who have performed professional services or incurred expenses for the common benefit at the appropriate time.  No amounts will be disbursed without review and approval by the Court or such other mechanism as the Court may order.  Specifically, such sums shall be distributed only upon order of the Court in MDL 2197.  This Court retains jurisdiction over any common benefit award, and in furtherance with state-federal cooperation, may receive input from the state court judges, including the coordination judges in California and other participating state court proceedings.  Each Participating Counsel who does common benefit work has the right to present their claim(s) for compensation prior to any recommendation to the Court.

**IT IS SO ORDERED.**

**Dated:  _____, 2011**                       _____
                                                        **Honorable David A. Katz**
                                                        **United States District Judge**