IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IN RE: DEPUY ORTHOPAEDICS, INC., ASR™ HIP IMPLANT PRODUCTS LIABILITY LITIGATION<br><br>This Pleading Relates to:<br>ALL CASES | MDL Docket No.: 1:10-md-02197<br><br>Judge David A. Katz |

**PLAINTIFF'S OPPOSITON TO PLAINTIFFS' EXECUTIVE AND STEERING COMMITTEES' MOTION FOR ENTRY OF A COMMON BENEFIT ORDER**

Aylstock, Witkin, Kreis & Overholtz, PLLC ("AWKO") and Foote, Meyers, Mielke & Flowers ("FMMF") respectfully file this opposition to the DePuy PSC's Motion for Entry of a Common Benefit Order regarding the scope and applicability of the proposed order as drafted and as to this Court's jurisdiction over cases AWKO and FMMF is prosecuting in state court.

**I.  BACKGROUND OF KEY FACTS**

A. <u>Summary of Procedural Posture of the AWKO and FMMF DePuy ASR Related Lawsuits Filed Against DePuy in Illinois State Court</u>

AWKO and FMMF filed various lawsuits against DePuy asserting strictly state law claims in Illinois state court asserting DePuy related claims.  Specifically, AWKO and FMMF filed the following lawsuits in Cook County, Illinois:

1. Rodney Angotti. v. DePuy, Inc., et al., Case No. 11-L-6286, Circuit Court of Cook County, Illinois
2. Susan Banner v. DePuy, Inc., et al., Case No. 11-L-6289, Circuit Court of Cook County, Illinois
3. James Barton v. DePuy, Inc., et al., Case No. 11-L-9342, Circuit Court of Cook County, Illinois

4. Geryl Cerney v. DePuy, Inc., et al., Case No. 11-L-3780, Circuit Court of Cook County, Illinois

5. Terry Englund v. DePuy, Inc., et al., Case No. 11-L-3776, Circuit Court of Cook County, Illinois

6. Michael Gray v. DePuy, Inc., et al., Case No. 11-L-9347, Circuit Court of Cook County, Illinois

7. Susan Guadagno v. DePuy, Inc., et al., Case No. 11-L-9353, Circuit Court of Cook County, Illinois

8. Richard Hergert v. DePuy, Inc., et al., Case No. 11-L-9343, Circuit Court of Cook County, Illinois

9. Rita Kelly v. DePuy, Inc., et al., Case No. 11-L-1097, Circuit Court of Cook County, Illinois

10. Cynthia Lafuente v. DePuy, Inc., et al., Case No. 11-L-3784, Circuit Court of Cook County, Illinois

11. Paula Potter v. DePuy, Inc., et al., Case No. 11-L-4826, Circuit Court of Cook County, Illinois

12. Patricia Roberts v. DePuy, Inc., et al., Case No. 11-L-9351, Circuit Court of Cook County, Illinois

13. Pamela Schlecker v. DePuy, Inc., et al., Case No. 11-L-3778, Circuit Court of Cook County, Illinois

14. Edward Stapleton v. DePuy, Inc., et al., Case No. 11-L-7339, Circuit Court of Cook County, Illinois

15. Carol Strum v. DePuy, Inc., et al., Case No. 11-L-9352, Circuit Court of Cook County, Illinois

16. Deborah Thomas v. DePuy, Inc., et al., Case No. 11-L-6288, Circuit Court of Cook County, Illinois

17. Nancy Wayman v. DePuy, Inc., et al., Case No. 11-L-9348, Circuit Court of Cook County, Illinois

18. Joseph Weber v. DePuy, Inc., et al., Case No. 11-L-3782, Circuit Court of Cook County, Illinois

19. Janice Widran v. DePuy, Inc., et al., Case No. 11-L-3781, Circuit Court of Cook County, Illinois

20. Susan Wilson v. DePuy, Inc., et al., Case No. 11-L-7338, Circuit Court of Cook County, Illinois

21. Sherri Zuchniarz v. DePuy, Inc., et al., Case No. 11-L-3779, Circuit Court of Cook County, Illinois

On September 15, 2011, the Illinois Supreme Court granted a Motion for Transfer and Consolidation originally filed by DePuy relating to all cases pending in Illinois. Copy of Order attached as "Exhibit A". By the terms of the Court's Order, all ASR cases pending in Illinois state court were transferred and consolidated before Judge Deborah Mary Dooling. Specifically, at the time the Court ordered transfer of all cases to Cook

County, one case, the *Hammer* case was pending outside of Cook County. Regarding the *Hammer* case and all others outside of Cook County, the Court stated as follows:

- **It is further ordered that any present or future action filed in any Illinois Circuit Court regarding DePuy ASR Hip Systems shall be transferred to the Circuit Court of Cook County before the Honorable Deborah Mary Dooling. A copy of this order shall be sent to the Clerk of each Circuit Court in Illinois**.

Do date, AWKO and FMMF has engaged in litigation in Illinois state court directly with DePuy on an accelerated schedule established by the court - with hard trial settings for the following dates: February 25, 2013, May 28, 2013 and August 19, 2013. Our litigation group has engaged a large scale electronic document repository with a web-accessible cloud currently containing 12.5 Million pages of discovery produced by DePuy. With 10 assigned attorneys within the litigation group assigned to review documents on a rolling basis, AWKO and FMMF is proceeding quickly in preparation for upcoming depositions. Moreover, we have engaged our own world renown medical and scientific experts who will provide generic and case specific expert testimony. Essentially, we are prepared and equipped to litigate our litigation group's claims without any input or involvement with or by the MDL's PSC. The Litigation Group has no connection with the MDL save one or two cases which were removed from state court and transferred before this Court.[1]

To date, neither AWKO, FMMF nor its litigation group members have reach out for nor requested any of the MDL PSC's work product or assistance. Rather, it is fully

---

[1] AWKO and FMMF have 3 claims pending in MDL 2197 being: Long, et al. v. DePuy, Inc., et al. Case No. 1:10-cv-05785, United States District Court for the Northern District of Illinois (transferred to MDL No. 2197 on December 15, 2010, Case No. 1:10-dp-20036); 2. Alspaugh v. DePuy, Inc., et al., Case No. 1:10-cv-06000 (transferred to MDL No. 2197 on December 15, 2010, Case No. 1:10-dp-20038); and LeMarr, et al. v. DePuy, Inc., et al., Case No. 2:11-cv-00445, United States District Court for the District of Arizona (transferred to MDL No 2197 on May 23, 2011). Though motions to remand were filed in the transferor federal courts in Long, Alspaugh and LeMarr but were not ruled upon prior to transfer, each such motion will be re-filed and re-noticed within the MDL (proper state court jurisdiction has been established within Illinois where both Long and Alspaugh were filed originally before removal and transfer).
.

anticipated that claims for all clients represented by the undersigned will be prosecuted to completion through the efforts of the undersigned solely. However, as drafted, Case Management Order No. 12 would assess all cases in which AWKO, FMMF and/or its litigation group may have regardless of whether any substantive benefit was conferred by the PSC and willingly accepted by the litigation group. Mere access to work product does not support the levying of an assessment and, in fact, the same may likely be duplicative of what is being discovered and litigated in state court.

Simply, though the undersigned counsel is well aware of the benefits of well heeled and skilled Plaintiff Steering Committees in advancing complex national litigation, and though we agree that the order as drafted ensures that firms who seek to avoid PSC common benefit assessment while riding its coat-tails are assessed, the scope of the proposed Case Management Order as drafted would unfairly tax a litigation group such as ours which is on its own litigation track and otherwise fully capable and competent to handle its cases in state court.

## II.     ARGUMENT

This Court does not have jurisdiction over AWKO and FMMF claims in Illinois state court.

### A.     This Court Does not Have Jurisdiction over State Court Claims.

There is case law on point that specifically addresses the threshold jurisdictional issue as to whether the plaintiffs' leadership in an MDL setting is entitled to collect assessments from settlements in separate state court actions. The general argument for allowing the assessment is premised on the idea that by allowing plaintiffs in state court actions to benefit from the work product of the plaintiffs steering committee in the MDL, plaintiffs and their counsel in the state actions would be unjustly enriched.

The United States District Court, Eastern District of Missouri, Eastern Division dealt with the jurisdictional issue in *In re Genetically Modified Rice Litigation*. In *In re Genetically Modified Rice Litigation*, the court-appointed plaintiffs' leadership group had attempted to create a common benefit trust fund to pay fees and expenses of attorneys who perform work benefitting all of the plaintiffs. The proposed trust would have been funded by defendants by setting aside a percentage of awards and/or settlements in all cases related that were related to that specific MDL. *In re Genetically Modified Rice Litig.*, 2010 WL 716190, *1 (E.D.Mo. Feb. 24, 2010). The court concluded, however, that it "will not require defendants to hold back and contribute amounts from settlements and judgments related to cases pending in state courts." *Id.* In reaching this conclusion, Judge Perry noted that while it may have been "abundantly clear that the plaintiffs in the related state-court cases have derived substantial benefit from the work of the leadership counsel in these federal cases," she recognized and underscored that she has no jurisdiction to make such a determination by stating: "***I do not have jurisdiction to order hold-backs for those state cases. This is so even though the plaintiffs' lawyers who have state cases also have cases before me.***" *Id.*

The *In re Genetically Modified Rice Litigation* decision premised its rationale that it lacked jurisdiction over the state court cases upon *In re Showa Denko K.K. L-Tryptophan Products Liability Litigation-I,* which was considered to be the leading case on this issue. In *In re Showa Denko K.K. L-Tryptophan,* the Fourth Circuit found that the trial court did not have jurisdiction to order the contributions from parties who were not before it, stating that the authority to consolidate cases before one MDL judge "'is merely procedural and does not expand the jurisdiction of the district court to which the cases are transferred.'" *Id.* at *4 (quoting *In re Showa Denko K.K. L-Tryptophan Prod. Liab. Litig.-I*, 953 F.2d 162, 166-67 (4th Cir.1992)).

The *In re Genetically Modified Rice* court also noted that "[m]ost cases considering this issue have reached the same conclusion." *In re Genetically Modified*

*Rice Litig.*, 2010 WL 716190 at *4. In conducting its survey on the issue of the authority of MDL judges, the *In re Genetically Modified Rice* court found the following results:

> In *Hartland v. Alaska Airlines*, 544 F.2d 992, 1001 (9th Cir.1976), the Ninth Circuit reversed a similar district court order, holding that the court 'had not even a semblance of jurisdiction' to order non-parties to contribute to a common benefit fund. *Accord In re Zyprexa Products Liability Litigation*, 467 F.Supp.2d 256 (E.D.N.Y.2006); *In re Baycol Products Litigation*, No. MDL 1431, 2004 WL 190272 (D.Minn. Jan. 29, 2004); *In re Linerboard Antitrust Litigation*, 292 F.Supp.2d 644, 663-64 (E.D.Pa.2003). Some courts have entered orders covering state cases where there was an agreement by the state courts or parties to do so. *See In re Diet Drugs (Phentermine/ Fenfluramine/ Dexfenfluramine) Products Liability Litigation*, MDL No. 1203, 1999 WL 124414, at *1 (E.D.Pa. Feb. 10, 1999); *In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, MDL. No. 05-1708, 2008 WL 682174 (D.Minn. March 7, 2008). Other courts have entered orders stating that they 'expect' counsel with state cases to agree to their inclusion. *See In re Orthopedic Bone Screw Products Liability Litigation*, MDL No. 1014, 1996 WL 900349, at *3 (E.D. Pa. June 17, 1996).
> *Id.*

AWKO and FMMF do not have simultaneous state and federal ASR related cases that are actually being litigated and at no time has AWKO and FMMF benefited from the work product of the PSC.

In *In re Latex Gloves Prods. Liab. Litig.*, 2003 U.S. Dist. LEXIS 18118, 5 (E.D.Pa. Sept. 5, 2003), the court was tasked with determining whether plaintiffs' counsel that had cases pending in *both* state court and federal court could utilize Plaintiffs Steering Committee work product in their federal cases without being subjected to a common benefit fund assessment in their state cases. *Id.* The court concluded that the state cases were subject to the assessment "because the lawyers in those cases ***were using the discovery materials from the MDL.***" *In re Genetically Modified Rice Litig.*, 2010 WL 716190, *5 (E.D.Mo. Feb. 24, 2010) (emphasis added).

As stated, the undersigned have not filed any cases in federal court. Moreover, the undersigned are not signatories to the Attorney Participation Agreement and have not utilized MDL work product in conducting their Illinois state cases. Whereas the attorneys in *In re Latex Gloves* had cases simultaneously in federal and state court and were actively utilizing PSC work product, AWKO and FMMF have only filed state court cases.

### III.  CONCUSION

Based on the foregoing, the Court should amend language within proposed Case Management Order No. 12 such that firms such as the undersigned which are genuinely committed to prosecuting their own cases outside of the MDL are not unfairly assessed by virtue of having a few cases find their way to the MDL after removal and transfer prior to a decision on remand. Moreover, said order should have flexibility to take into account the facts and circumstances surrounding the respective litigation efforts and use or lack of use of PSC work product. As drafted, the proposed order over-reaches and would result in the PSC's unjust enrichment. Moreover, the undersigned respectfully submits that the Court does not have jurisdiction over state court cases filed and prosecuted by AWKO and FMMF and an assessment imposed upon cases before Judge Dooling is improper.

Respectfully submitted this 21st day of November, 2011.

/s/ Douglass A. Kreis
Douglass A. Kreis
Aylstock, Witkin, Kreis & Overholtz
17 East Main Street, Suite 200
Pensacola, FL  32502
(850) 202-1010
(850) 916-7449
Dkreis@awkolaw.com