# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| In re: DePUY ORTHOPAEDICS, INC., ASR™ HIP IMPLANT PRODUCTS LIABILITY LITIGATION | ) MDL Docket No. 1:10-md-2197 ) ) ) ) ) ) ) Judge David A. Katz ) ) ) ) |
| This Document Applies to All Cases | ) |

## CASE MANAGEMENT ORDER NO. 17:

## APPOINTMENT OF CLAIMS ADMINISTRATOR AND SPECIAL MASTERS IN AID OF A PROPOSED PRIVATE SETTLEMENT AGREEMENT

The MDL Plaintiffs' Executive Committee and state leadership counsel in various coordinated state court proceedings and DePuy Orthopaedics, Inc. and its successors (collectively "Parties") have entered into a Final Settlement Agreement reflecting a proposed private settlement of certain ASR and ASR XL cases.

Under the provisions of the Final Settlement Agreement, the Parties have identified and appointed a Claims Administrator and Special Masters to assist in the administration and implementation of certain terms of the settlement with the authority of binding arbitrators. A

joint request is now made for the appointment of the Claims Administrator and Special Masters to perform certain duties consistent with the Final Settlement Agreement. The Court, pursuant to its inherent authority and having considered the consent of the Parties, the oral presentation made by counsel and all written submissions, and cognizant of the important public policy of encouraging settlement among litigating parties, hereby issues the following Order.

IT IS HEREBY ORDERED AND DECREED THAT:

1. <u>Appointment of Claims Administrator and Special Masters</u>: The Court hereby appoints the following individuals as Claims Administrator and Special Masters named below to perform the duties consented to by the Parties and set forth in the Final Settlement Agreement, as set forth under the terms of this Order:

    a.    Claims Administrator:

        Hon. James J. McMonigle (Ret.)
        1375 East Ninth St.
        2100 One Cleveland Center
        Cleveland, OH 44114-1724

    b.    Special Masters:

        Hon. Marina Corodemus (Ret.)
        120 Wood Ave. S
        Iselin, New Jersey 08830

        Hon. John K. Trotter (Ret.)
        JAMS
        500 N. State College Blvd., 14th Floor
        Orange, CA 92868

        Catherine A. Yanni
        JAMS
        Two Embarcadero Center, Suite 1500
        San Francisco, CA 94111

2. <u>Special Master and Claims Administrator Duties</u>: The duties of the Special Master and Claims Administrators are set forth in the Final Settlement Agreement. A purpose of this Order is to provide notice to all parties and their counsel of the availability of the Special masters to assist in the informed consent process and to be available to answer questions with the Settlement Oversight Committee regarding the terms and conditions of the U.S. Program. Specifically, the Claims Administrator and Special Masters shall fully perform the duties as set forth below, which are consented to by the Parties and as set forth in the Final Settlement Agreement including but not limited to:

a. <u>Special Masters</u>: The duties of the Special Masters under this Order, as set forth in the Final Settlement Agreement shall include but are not limited to the following: (i) assist Primary Law Firms, Principal Responsible Attorneys and/or Interested Counsel with the informed consent process, including answering both general and specific questions with respect to the settlement, and to accept service from Primary Law Firms, Principal Responsible Attorneys and/or Interested Counsel of documents identifying Claimants from whom they obtained informed consent, pursuant to the terms of the Final Settlement Agreement; (ii) provide a report to DePuy, at its request, with respect to counsel's good faith in conducting the informed consent process and participation in the U.S. Program, (iii) meet and confer with the Primary Law Firm and all counsel with any financial interest and DePuy, if so requested, and at the conclusion of the meet and confer process after a hearing and an opportunity to be heard, to determine whether counsel did or did not act in good faith in connection with the informed consent process and participation in the U.S. Program, pursuant to the terms of the Final Settlement Agreement; (vi) resolve any dispute regarding lien responsibilities

consistent with the terms of the Final Settlement Agreement and individual release and (vii) work with the Settlement Oversight Committee ("SOC") to answer any questions from any Eligible U.S. Claimant or their counsel relating to participation in the U.S. Program.

<p style="padding-left: 2em;">b. Claims Administrator:  The duties of the Claims Administrator shall be</p>

to supervise and administer the private settlement program as set forth in the Final Settlement Agreement.

3. Ex Parte Communications:  The Claims Administrator and Special Masters may have ex parte communications with each other, members of the Settlement Oversight Committee, the Parties, the Claimants or their representatives, Claimants' counsel or the Court where necessary for the full and fair implementation of this Order and the Final Settlement Agreement without violating any attorney-client privilege.

4. Determinations under the Final Settlement Agreement:  Pursuant to the terms of the Final Settlement Agreement and the consent of all eligible claimants who enroll under the resolution process created by the U.S. Program, all determinations and awards with respect to the claims processed under the U.S. Program by the Claims Administrator and Special Masters shall be in writing and, as agreed by the Parties and Claimants, be made with the authority that each will have as an arbitrator making decisions that are binding and final.  All determinations and awards with respect to claims processed under the U.S Program are limited to the review procedures in the Final Settlement Agreement and are not subject to judicial review.

5. Review of Orders and Findings:  The private U.S. Program is intended by the Parties to be self-executing pursuant to the consent of the Parties and the participating Claimants

and their counsel, and is not subject to judicial review.  All findings of fact by the Claims Administrator and Special Masters shall be final pursuant to the Parties' stipulation and shall not be subject to review by the Court.

6. <u>Compensation</u>: The Claims Administrator and Special Masters shall be compensated privately as specified in the Final Settlement Agreement, and pursuant to the agreement of the Parties.

7. <u>Reports to Court</u>: The Claims Administrator shall file periodic reports with the Court as they deem necessary, or by special request by the Court, reporting on the informed consent process for the U.S. Program or for any other matter they or the Court deems necessary.

8. <u>Disclosures</u>:  Affidavits by the proposed Claims Administrator and Special Masters have been submitted and are attached hereto.

9. <u>Qualified Settlement Funds:</u>  The Court also determines that the Escrow Accounts and Sub-funds established pursuant to the Final Settlement Agreement and related Escrow Agreement are Qualified Settlement Funds within the meaning of Treasury Regulation Section 1.468B-1.

IT IS SO ORDERED.

Dated:  November 22, 2013

*s/  David A. Katz*
Hon. David A. Katz
United States District Court Judge